J. P. COLEMAN *v.* G. C. SLAVEN *et al.*

(No. 6827)

Submitted February 24, 1931. Decided March 3, 1931.

*C. R. Summerfield,* for plaintiffs in error.
*Hubard & Bacon,* for defendant in error.

MAXWELL, JUDGE:

On this writ of error there is brought under review the action of the circuit court of Fayette County in prohibiting the collection of a judgment of a justice of the peace rendered within less than five days from the day the defendant ac-

cepted service of summons. The acceptance endorsed on the summons reads: "I accept service this the 13th day of July." This contained no waiver of rights of the defendant, and placed the matter only in such situation as it would have been in if there had been no acceptance of service and the constable had made formal return of service as of the day the acceptance was made. "The admission by a defendant of the service of process is but evidence of such service. It is evidence of the same force, and no greater, than if proof of service were made in some other manner. In either case the court acquires jurisdiction, if at all, through the service of the process; if the service of the process is void, an admission of its service does not validate it. Therefore a mere admission of service of process is not a general appearance." 2 Ency. Pl. & Pr., p. 638. Such, in fact, is the effect of our statute, Code, 1923, chapter 50, section 33: "An acknowledgment in writing of the service of such process, order or notice by the defendant, his agent or attorney, or his appearance to answer the action, is equivalent to personal service."

The statute as to necessary lapse of time is emphatic: "The summons shall be made returnable not less than five nor more than thirty days from its date; and no trial shall be had or judgment rendered in less than five days after the summons has been served on the defendant." Code 1923, chap. 50, sec. 26. This makes five days' notice to a defendant a condition precedent to the right of the justice to hear the case, unless the parties appear by agreement under section 19, chapter 50 of the Code, which reads in part: "Actions before justices are commenced by summons, or by the appearance and agreement of the parties without summons; and not otherwise." Therefore, the service upon a party of a justice's summons, or the acceptance by the party of such service, the return day of which summons is less than five days from the day of service or acceptance, is wholly without legal effect. It does not, as urged by respondents, place upon the party so served the duty of appearing before the justice and protesting the shortness of the time. He may ignore the summons altogether just as was done in this case. Without

the lapse of at least five days from the date of service of summons until the return day thereof, there being no agreement between the parties by which such statutory requirement is waived, the justice is without jurisdiction to proceed in the matter.

Prohibition was properly exercised by the circuit court. "Prohibition lies to a justice of the peace to restrain him from proceeding in an action when by reason of want of service or invalidity of service, he has not acquired jurisdiction." *Belt* v. *Gandee*, 103 W. Va. 712.

*Affirmed.*