## CHARLESTON.

H. C. BELT *v.* D. L. GANDEE, *Justice of the Peace et als.*

(No. 5993)

Submitted May 11, 1927.      Decided May 24, 1927.

JUSTICES OF THE PEACE—PROHIBITION—*Prohibition Lies to Restrain Justice of Peace From Proceeding When for Want of or Invalidity of Service He Has Not Acquired Jurisdiction; Service of Process on Alleged Employee of Defendant at His Place of Business Held Not to Give Justice of Peace Jurisdiction of Defendant (Code, c. 121, § 1, c. 124, §6).*

Prohibition lies to a justice of the peace to restrain him from proceeding in an action when by reason of want of service or invalidity of service, he has not acquired jurisdiction.

(Justices of the Peace, 35 C. J. § 156 ; Prohibition, 32 Cyc. p. 605.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by H. C. Belt for prohibition, to be directed to D. L. Gandee, Justice of the Peace, and others.

*Writ awarded.*

*Wm. S. Ryan* and *Thomas P. Ryan,* for petitioner.

LITZ, JUDGE:

The petitioner, H. C. Belt, seeks by writ of prohibition to prohibit the respondents R. D. Greasley Candy Company, a corporation, and D. L. Gandee and C. C. Sharp, justice of the peace and constable, respectively, of Roane County, from enforcing a judgment recovered by said R. D. Greasley Candy Company against the petitioner before the respondent D. L. Gandee, justice of the peace.

On February 11, 1927, the respondent D. L. Gandee, a justice of the peace, issued a summons directed to said C. C. Sharp, constable, summoning the petitioner to appear at the office of said justice, February 26, 1927, at ten o'clock a. m. to answer the complaint of said R. D. Greasley Candy Company in a civil action for the recovery of money due on con-

tract in the sum of $50.48, with interest and costs according to law.

The summons was never served upon the petitioner but, as appears from the return of service thereon, one F. L. Dye, states under oath that "he executed the within summons by delivering to Con Wolfe, a clerk or employe of the within named H. C. Belt a true copy thereof at his, H. C. Belt's, place of business in Roane county, West Virginia, he the said H. C. Belt not being found on the 21st day of February, 1927." Upon this service the justice proceeded to render a default judgment against the petitioner on the return day of the summons, in the sum of $50.48.

Section 6, Chapter 124, Code, in part provides:

> "Any summons or *scire facias* against any person, including a summons for a witness, may be served as a notice is served under the first section of chapter one hundred and twenty-one of this Code."

Section 1 of Chapter 121, referred to, reads:

> "A notice, no particular mode of serving which is prescribed, may be served by delivering a copy thereof in writing to the party in person; or if he be not found, by delivering such copy at his usual place of abode, to his wife or to any other person found there who is a member of his family, and above the age of sixteen years, and giving information of the purpose of such copy to the person to whom it is delivered; or if neither his wife nor any such other person be found there, and he be not found, by leaving such copy posted at the front door of said place of abode. Any sheriff or constable, thereto required, shall serve a notice within his county, and make return of the manner and time of service; for a failure so to do he shall forfeit twenty dollars. Such return, or a similar return by any other person, who verifies it by affidavit, shall be evidence of the manner and time of service."

The petitioner, according to the allegations of his petition, had no knowledge of the judgment or of the institution of the action until the issuance of execution on the judgment

directed to the respondent, C. C. Sharp, constable, after the expiration of the time within which an appeal could have been taken.

Prohibition lies to a justice of the peace to restrain him from proceeding in an action when by reason of want of service or invalidity of service, he has not·acquired jurisdiction. *Railroad Company* v. *Rogers,* 52 W. Va. 450, 44 S. E. 300, 62 L. R. A. 178.

The petitioner not having been legally served with process, the peremptory writ prayed for will be awarded.

*Writ awarded.*