STATE OF WEST VIRGINIA

*v.*

HOWARD DAWSON *et al.*

(No. 9837)

Submitted September 10, 1946. Decided November 12, 1946.

*Ira J. Partlow*, Attorney General, *Ralph M. Hiner*, Assistant Attorney General, and *Eston B. Stephenson*, Special Assistant Attorney General, for plaintiff in error.

*H. G. Shores* and *H. R. Athey*, for defendants in error.

KENNA, PRESIDENT:

The Circuit Court of Mineral County sustained a plea in abatement to an indictment charging Howard Dawson and William Garrett Davisson with murder, and this Court, upon petition of the State, granted a writ of error to its judgment of dismissal. The plea in abatement attacks the indictment as found upon a reporter's transcript of the testimony of a witness since dead and the question sought to be tested is whether the transcript, neither the identity nor accuracy of which is questioned, of the testimony of the victim of felonious assault given at a preliminary hearing arising from the assault, where the victim thereof was the only witness against the accused, who cannot be otherwise identified, can be used in the trial of an indictment for murder when the witness-victim, allegedly as a result of the attack, has dropped dead while on the stand at the preliminary hearing after his examination in chief and cross-examination in the presence of the accused.

On the evening of July 30, 1945, at about 8:45 P. M., Floyd N. Hebb met Howard Dawson and William Garrett Davisson, both in the uniform of this country's armed service and both apparently overseas veterans, in Keyser. They seemed to be seeking an agreeable place to spend the evening, either the headquarters of the Veterans of Foreign Wars or of the American Legion. After

some time had been spent in a restaurant, Hebb undertook to guide them and while on a lonely side street, with Dawson walking slightly ahead and Davisson by Hebb's side, Davisson struck Hebb "a heavy blow on the temple". Hebb was left unconscious and did not regain consciousness until after he had been discovered and taken to a hospital, when he noticed that his billfold containing between $375.00 and $400.00 was missing.

Floyd N. Hebb was a conductor on the B. &. O. Railroad, whose home was in Cumberland, Maryland, Keyser being one terminus of his route, where he rented a room so that he could sleep between shifts. On the day in question he had been relieved at Keyser at 7:10 in the morning, had selpt until 2:30 P. M., and was preparing to leave that night.

The foregoing statement of occurrences is taken from the transcript of the testimony of Hebb given at the preliminary hearing held on August 8, Dawson having waived and the hearing concerning only Davisson. The testimony goes into great detail, Hebb having undergone a rather lengthy cross-examination by Davisson's attorney, who also represented Dawson. It was after a completed cross-examination by one attorney and the commencement of further cross-examination by another counsel that Hebb dropped dead.

In a brief but exhaustive opinion made a part of the record the Circuit Judge of Mineral County comments upon the fact that the two West Virginia cases of *Carrico v. West Virginia Central and Pacific Railway*, 39 W. Va. 86, 19 S. E. 571, and *State v. Sauls*, 97 W. Va. 184, 124 S. E. 670, are the only cases decided by this Court that deal with questions closely akin to that involving the admissibility of the transcript of Hebb's testimony. Neither of those cases deals with the exact question involved here, the *Carrico* case being a civil action, and the *Sauls* case presenting the question of whether the former testimony of a witness who could not be found was admissible on behalf of the defendant in a murder case, the opinion of this Court turning upon the lack of diligence used in

locating the living witness and hence the inadmissibility of the substituted transcript. Neither of the West Virginia cases we regard as controlling nor do we so regard the Virginia cases of *Finn* v. *Commonwealth,* 5 Rand 701, or *Brogy* v. *Commonwealth,* 10 Grat. 722, as directly applicable because *Finn's* case does not involve the testimony of a dead witness, and *Brogy's* case is based upon the exclusion of testimony offered in behalf of the defendant, the Virginia court citing *Finn's* case as authority justifying its exclusion, which obviously it was not. We believe that on the question of its admissibility reference to the following annotations will indicate the plain trend of authority. 15 A. L. R. 495; 79 A. L. R. 1392; 122 A. L. R. 425.

We cannot agree with the trial court's reasoning that the elements of murder were not involved in the testimony of Hebb at the preliminary examination, even though Hebb may be said to be speaking from the grave upon the trial of the perpetrators of his own homicide. It is argued that all of the elements of murder with the single exception of the death of the victim were being considered and were involved in the preliminary hearing for robbery. Code, 61-2-1, makes a killing that occurs in the commission of or attempt to commit robbery murder in the first degree. The testimony of Hebb undoubtedly implicates the two defendants in the joint commission of robbery. His death followed within ten days and if the State can show that it resulted from the blow he suffered on the night of July 30 the element of murder in the first degree we believe will have been established with enough evidence to reach a jury.

This Court is of the opinion that the clear weight of authority favors the admission in evidence of the transcript of testimony taken at a preliminary examination where the witness has since died and it appears that the accused was present as the party charged with the offense and had full opportunity to cross-examine the witness, when the offense being tried is substantially of the same nature as the offense investigated at the prelim-

inary examination, the right of the accused to be confronted by the witnesses against him having been satisfied. See the annotation in 79 A. L. R. 1392. Here Davisson was present in person and represented by counsel who had full opportunity to cross-examine. The situation may be different concerning Dawson, who had waived to the grand jury, although he too was present represented by the same counsel during the entire course of the preliminary examination. However, as this record now stands, we do not reach that question for decision, since we are of the opinion that the trial court should not have entertained the plea in abatement for the reason that the law in this State does not permit an examination concerning either the legality or the sufficiency of testimony taken before a grand jury upon which an indictment has been based. *State* v. *Woodrow,* Syl. 4, 58 W. Va. 527, 52 S. E. 545; *State* v. *Dailey,* Syl. 1, 72 W. Va. 520, 79 S. E. 668; *State* v. *Dotson,* 96 W. Va. 596, 600, 123 S. E. 463; *State* v. *Clark,* 64 W. Va. 625, 629, 63 S. E. 402. True, there was no demurrer to the plea in abatement, but the principle in question is a matter of very serious public policy and one that the trial court of its own volition should see enforced. If it does not do so it is exceeding its legitimate powers and may be prohibited. *State* v. *Dailey,* 72 W. Va. 520, 523, 79 S. E. 668.

For the foregoing reasons the judgment of the Circuit Court of Mineral County is reversed, the indictment against the two accused reinstated and both cases remanded.

*Reversed.*