## No. 27749

**The People of the State of Colorado v. John F. Gallagher, District Court Judge, Fourth Judicial District, State of Colorado**

(570 P.2d 236)

Decided September 26, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Robert L. Russel, District Attorney, Fourth Judicial District, Ronald T. Rowan, Assistant, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Kathleen A. Carlson, Deputy, David L. Quicksall, Deputy, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

Pursuant to C.A.R. 21, the petitioner sought relief in the nature of prohibition. We issued a rule to show cause, and now discharge the rule.

Clyde William Haire was charged in the district court with seven counts of first-degree sexual assault (section 18-3-402, C.R.S. 1973), seven counts of first-degree kidnapping (section 18-3-301, C.R.S. 1973), various counts of aggravated robbery, attempt to commit aggravated robbery, and other crimes. The charges arose from incidents occurring on five dates, involving eight different victims. The respondent trial judge first ordered the counts severed, then rejoined the counts into three separate trials. The first two trials involved five of the victims; as to those counts, the defendant was tried, convicted, and sentenced. Those cases are not involved here.

This original proceeding arose from the third trial, which involved three of the victims and incidents on two separate days. The defendant

moved to sever the counts before the trial began, but the trial court denied the motion. At the close of the prosecution's case, the defendant moved for a judgment of acquittal, again relying on the court's refusal to sever. The motion was denied. He renewed this motion at the close of all the evidence; it was again denied.

After the jury found the defendant guilty, he moved for a new trial, again asserting the court's refusal to sever. This time, the trial court granted the motion, stating in part:

"This whole thing, the whole question, has troubled me a good deal from the outset of this case, and I don't think until I actually tried the case did it really come home to me what the problem of trying two unrelated but similar incidents together in one trial is. . . .

"As I say, having actually gone through a trial now, doing it this way I am conscious of the prejudice of the Defendant, and it seems to me that prejudice clearly outweighs the benefits of saving time and money, which we gained by having only one trial."

The People seek relief in the nature of prohibition, arguing that the trial court abused its discretion in granting the new trial motion and thus forcing the People to try the defendant in two separate new trials. We hold that such extraordinary relief is not warranted.

■ Relief in the nature of prohibition is a proper remedy only in cases where the trial court is proceeding without jurisdiction or in excess of its jurisdiction, or has grossly abused its discretion. C.A.R. 21(a); *City of Colorado Springs v. District Court*, 184 Colo. 177, 519 P.2d 325 (1974). "When the action, threatened action, or refusal to act is within the discretion of the district court, prohibition or mandamus *shall not* be a remedy." C.A.R. 21(d) (emphasis added). In this case, although it is unfortunate that the expense and delay of new trials is the ultimate result, the trial court's ruling was clearly within its broad discretion, and we cannot disturb that ruling.

■ The rule of criminal procedure relating to joinder and severance of multiple counts provides as follows:

"If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses . . . or by such joinder for trial together, the court *may* order an election or separate trials of counts . . . *or provide whatever other relief justice requires.* However, upon motion any defendant *shall* be granted a separate trial *as of right* if the court finds that the prosecution probably will present against a joint defendant evidence, other than reputation or character testimony, which would not be admissible in a separate trial of the moving defendant." Crim. P. 14 (emphasis added).

Although the rule specifies one situation in which separate trials of joint defendants are mandatory, it leaves to the trial court's discretion the determination of what circumstances may prejudice a sole defendant if multiple counts against him are joined in a single trial. Furthermore, the

rule leaves the remedy for such prejudice equally broad: the court may provide such relief as "justice requires." Finally, this broad grant of discretion is echoed in the rule relating to new trial motions: "The court *may* grant a defendant a new trial if required in the interest of justice." Crim. P. 33 (emphasis added).

 Thus, both provisions to which the respondent trial judge could have turned for guidance have left the final decision and the scope of relief to his discretionary judgment. We will not interfere with a trial court's decision to grant or deny a new trial absent a clear showing of abuse of discretion. *Lee v. People*, 170 Colo. 268, 460 P.2d 796 (1969). *See also, People v. Love*, 51 Cal. 751, 336 P.2d 169 (1959); *People v. Canfield*, 173 Cal. 309, 159 P. 1046 (1916); *Commonwealth v. Metcalfe*, 184 Ky. 540, 212 S.W. 434 (1919); *State v. Taylor*, 60 Wash.2d 32, 371 P.2d 617 (1962); *A.B.A. Standards Relating to Joinder and Severance* §2.2.

 Here, after considering the totality of circumstances in the trial, the trial judge specifically found that he had erred, that the defendant had been prejudiced as a result of that error, and that separate new trials were necessary to remedy the error. In making his decision, he expressly considered the countervailing arguments of cost and delay, but concluded that the prejudice to the defendant outweighed those considerations. Considerable deference must be accorded a trial court's finding of prejudice, since such a finding rests on courtroom occurrences, prevailing moods or subtle influences which cannot be reflected in a written record. Moreover, it is quite understandable that prejudicial circumstances could have arisen during trial that were not foreseeable at the time the original motions to sever were argued and decided.

Accordingly, the rule to show cause is discharged.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY dissent.