364 S.E.2d 8

**WEST VIRGINIA ADVOCATES FOR THE DEVELOPMENTALLY DISABLED**

v.

**The Honorable Patrick CASEY, Judge of the Circuit Court of Kanawha County.**

**No. 17951.**

Supreme Court of Appeals of West Virginia.

Dec. 3, 1987.

Robert R. Rodecker, Charleston, for petitioner.

James B. McIntyre, and James W. Thomas, Charleston, for respondent.

BROTHERTON, Justice:

In this proceeding, the West Virginia Advocates for the Developmentally Disabled (WVADD)[1] asks us to prohibit enforcement of an order issued by the respondent, Judge Casey. The order granted a motion to quash or modify a subpoena duces tecum issued by the Health Care Cost Review Authority (HCCRA). We find, for the reasons set out below, that the circuit court was correct in quashing the subpoena, because it was not served in accordance with W.Va.Code § 29A–5–1(b) and, therefore, deny the writ as it relates to that portion of the order. We disagree, however, with the respondent judge's further conclusion that the evidence sought was necessarily irrelevant, and grant the writ in relevant part.

In December, 1986, Potomac Medical, Inc., filed an application with HCCRA for a certificate of need to construct a 220–bed psychiatric hospital in Raleigh County, West Virginia. *See* W.Va.Code § 16–2D–1 to –15. The petitioner, WVADD, sought and was granted "affected person" status. *See* W.Va.Code § 16–2D–2 (1985). The Health Care Cost Review Authority held an administrative hearing on the application in May, 1987. During the course of that hearing, a witness for Potomac Medical, Inc., testified that Charleston National Bank had agreed to provide up to $35 million for construction of the project. WVADD introduced evidence, however, that the maximum legal participation by Charleston National Bank was $6.3 million. At the conclusion of the hearing, counsel for Potomac Medical, Inc., requested that the record remain open in order for the applicant to submit further financial information.

On May 21, 1987, Potomac Medical filed additional information with HCCRA stating that funding was available through Prince Ahmed bin Abdulrahman. The information consisted of two letters addressed to James R. Clowser, the president of Potomac Medical, Inc. The letters were written on "Ahmed International, Inc." stationery, and offered a loan of $35 million on terms

---

**1.** Although WVADD is the only named party, we are told in briefs that the petitioner also represents the West Virginia Youth Coalition and the West Virginia Mental Health Association.

and with conditions not relevant to this opinion. Soon thereafter, WVADD filed information indicating, among other things, that Prince Ahmed bin Abdulrahman was not capable of providing the proffered financing. Further, Ahmed International, Inc., a Texas corporation, had ceased all activity late in 1986, and the prince was not authorized to loan money on its behalf. In response to this filing, Potomac Medical withdrew any reliance on Prince Ahmed bin Abdulrahman and informed HCCRA that it could obtain bond financing through Continental Securities Corporation.

On July 10, 1987, HCCRA held a conference and decided to re-open the hearing on August 5, taking into evidence the two letters from the prince and any additional information regarding source and nature of financing. The hearing examiner noted that the loan from the prince was only one source of financing offered, and that methods of financing similar projects often have changed, even after a certificate of need has been issued. The examiner expressed a desire to have full information regarding bond financing from Continental Securities Corporation in the file, and indicated a willingness to re-examine possible financing from Charleston National Bank. When asked specifically whether WVADD could inquire further regarding negotiations with the prince, the examiner indicated that such evidence and any objections thereto would be addressed at the August 5 hearing.

On July 29, HCCRA granted WVADD's request for a subpoena duces tecum directing James R. Clowser, president of Potomac Medical, Inc., to appear and to produce, among other things, all information in his possession relating to Prince Ahmed bin Abdulrahman. The subpoena was served on counsel for Mr. Clowser. Counsel for Mr. Clowser filed a motion to quash or mold the subpoena in the Circuit Court of Kanawha County, charging that WVADD did not serve the subpoena in accordance with W.Va.Code § 29A–5–1(b), and that to the extent it sought information regarding the prince, the subpoena sought irrelevant evidence and was, therefore, unreasonable.

After a hearing the respondent, Judge Casey, found that the subpoena was not served in compliance with W.Va.Code § 29A–5–1(b) because it was not served in person or by registered mail, and that information regarding Prince Ahmed bin Abdulrahman was irrelevant, because the applicant no longer relied on him for financing. Judge Casey, therefore, ordered that the subpoena be quashed, and granted WVADD leave to re-subpoena Mr. Clowser and to request documents other than those relating to the prince.

The petitioner, WVADD, requests this Court to prohibit the enforcement of the respondent's order, and to permit inquiry into Potomac Medical's correspondence with the prince because it is relevant to the credibility of the applicant. Counsel for Mr. Clowser responds that the information is irrelevant, and that WVADD seeks only to stall the issuance of a certificate of need because it is philosophically opposed to the project. Proceedings at the administrative level have been stayed pending resolution of this issue.

I.

█ The Health Care Cost Review Authority is authorized to issue subpoenas duces tecum by W.Va.Code § 16–29B–12(c) (1985). The same section makes applicable the relevant provisions of the Administrative Procedures Act, Chapter 29A of the West Virginia Code. Section 29A–5–1(b) (1985) provides that a subpoena issued under its auspices "shall be served ... either by personal service made by any person over eighteen years of age or by registered or certified mail, ...." This direction is clear and unambiguous, and was not complied with in this case. The statute does not authorize service on attorneys, and the circuit court was correct in ordering that the subpoena be quashed for improper service. We, therefore, must deny WVADD's request to prohibit enforcement of that portion of the order.

The remainder of the order presents a more difficult issue: Is the credibility of

the applicant a relevant area of inquiry in a proceeding to obtain a certificate of need?

## II.

■ Code § 16–2D–6 (1985) enumerates minimum criteria that must be considered by HCCRA in its determination of whether it will issue a certificate of need.[2] The list does not include the good faith or credibility of the applicant as an express consideration. It goes without saying, however, that if the Legislature considered it important for HCCRA to conduct a detailed review of the specifics of each and every new institutional health service proposed to be offered in this State, it contemplated that the agency would review accurate and truthful information. It is implicit in the requirement of an application for a certificate of need that the applicant must be credible, trustworthy, and dealing with HCCRA in good faith.

■ It is not, however, necessary to treat applicants for certificates of need like witnesses on cross-examination, and, more relevant to this case, other parties to the proceeding should not be allowed to conduct fishing expeditions into an applicant's records under the guise of challenging the truthfulness of the application. We therefore conclude that discovery regarding the good faith of the applicant should be allowed only where there are sufficient facts on the record to indicate that the agency may have been misled. To summarize, the good faith of the applicant is relevant in a proceeding before the Health Care Cost Review Authority to obtain a certificate of need, and may be inquired into by an affected person where facts on the record indicate that the applicant may have submitted false information. If there are no extenuating circumstances, the facts in this case, consisting of two offers of financing,

both of which were later shown to be extremely overstated, could form such a factual basis.

## III.

■ There remains the question of whether prohibition is an appropriate remedy in this case. "The writ of prohibition lies as a matter of right when the inferior court does not have jurisdiction of the subject matter in controversy or, having such jurisdiction, exceeds its legitimate powers." Syl. pt. 5, *State ex rel. Smith v. Bosworth*, 145 W.Va. 753, 117 S.E.2d 610 (1960); W.Va.Code § 53–1–1 (1981). The circuit court had jurisdiction to review the subpoena in this case by virtue of Code § 29A–5–1(b) (1986). We find, however, that the court exceeded its legitimate powers by unduly restricting the scope of evidence admissible at the administrative hearing.[3]

■ Proceedings before HCCRA are governed by the State Administrative Procedures Act. W.Va.Code § 16–29B–12(c) (1985). Section 29A–5–1 of that Act gives circuit courts jurisdiction to quash or modify a subpoena duces tecum issued by an administrative tribunal based on the standards set out in the West Virginia Rules of Civil Procedure. Rule 45(b)(1) of those rules authorizes a court to quash or modify such a subpoena if it is "unreasonable and oppressive." Where facts on the record establish a basis for further inquiry into the good faith of an applicant for a certificate of need, a request for information relevant to the applicant's good faith is not "unreasonable and oppressive." It was, therefore, beyond the legitimate powers of the circuit court in this case to preclude such inquiry.

For the reasons stated, we deny the writ prayed for with respect to the portion of the order that quashed the subpoena for ·

---

**2.** "[I]n making its determination as to whether a certificate of need shall be issued, the state agency shall, *at a minimum,* consider all of the following criteria that are applicable...." W.Va.Code § 16–2D–6 (1985) (emphasis added).

**3.** The Administrative Procedures Act recognizes that the scope of "relevant" evidence in an administrative proceeding may exceed that of evidence relevant in a civil case: "When necessary to ascertain facts not reasonably susceptible of proof under [the rules of evidence as applied in civil cases], evidence not admissible thereunder may be admitted, except where precluded by statute, if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs." W.Va.Code § 29A–5–2(a) (1986).

improper service. We grant the writ, however, insofar as it seeks to prohibit the portion of the circuit court order restricting the scope of future subpoenas.

Writ denied in part, granted in part.