369 S.E.2d 893

**Michael WEIKLE and Lester Yerrid**

**v.**

**Honorable John HEY, Judge, Circuit Court of Kanawha County.**

**No. 17946.**

Supreme Court of Appeals of West Virginia.

June 3, 1988.

state to bear the cost of his appeal?

Michael D. Weikle, Gross Lanes, for Michael D. Weikle.

Mario Palumbo, Charleston, for John Hey.

PER CURIAM:

This case is before the Court upon the petition for a writ of prohibition filed by Michael Weikle and Lester Yerrid against John Hey, Judge of the Circuit Court of Kanawha County. Petitioners contend that the trial judge abused his discretion when he limited discovery prior to trial. We disagree and deny the writ.

Petitioner Weikle and petitioner Yerrid own property which they contend was damaged by Appalachian Power (APCO) and/or Asplundh Tree Expert Company (APCO contends Asplundh is an independent contractor), when Asplundh entered the property and cut certain trees near an Appala-chian Power line. The petitioners sued APCO, an APCO employee in charge of rights-of-way, and Asplundh. Petitioners alleged both negligent and intentional torts and sought both compensatory and punitive damages.

Interrogatories and requests for production of documents included a plethora of questions by the petitioners concerning: a detailed accounting of APCO's financial status; past and "threatened" lawsuits concerning tree-trimming involving APCO in the last five years and their "settlement value," (APCO operates 44,000 miles of wire across West Virginia); and the past and current marital status of APCO's president.

APCO's response to the petitioners' requests was that they were irrelevant, since Asplundh is an independent contractor. *See W.Va.R.Civ.P.* 26(b)(1). APCO further replied that the information concerning prior similar litigation and detailed financial records was not readily available and would be unduly burdensome to compile. *See W.Va.R.Civ.P.* 26(b)(3), (c). Petitioners filed a motion to compel discovery, and requested attorney's fees for the preparation of the motion.

At a hearing on the motion, APCO agreed to provide the petitioners with all information pertaining to its right-of-way on the property in dispute, but again argued that the additional information was irrelevant and overly burdensome. Petitioners contended that the information concerning all prior right-of-way disputes over the past five years was necessary to establish prior knowledge. They contended that prior knowledge was necessary to prove that "Appalachian is negligent—or Asplundh is negligent, and [APCO is] aware of it." In his order of October 9, 1986, the trial judge denied petitioners' motion to compel and petitioners' motion for attorney's fees in preparation for the motion.

Petitioners contend that the trial judge misconstrued their complaint as sounding only in simple negligence and therefore abused his discretion in limiting discovery. They therefore seek a writ of prohibition

against the trial judge. APCO was not joined in the proceeding, but did receive notice of the action and has filed an answer as a party-in-interest.

The writ of prohibition is normally used as a remedy for jurisdictional defects and not as an interlocutory challenge to discretionary rulings. *State ex rel. Williams v. Narick,* 164 W. Va. 632, 641–42, 264 S.E.2d 851, 857 (1980). As stated in syllabus point 1 of *Williams,* in certain rare instances prohibition is the proper remedy for adverse discretionary rulings:

'Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of powers is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohibition issue.' Syl. pt. 2, *Woodall v. Laurita,* 156 W.Va. 707, 195 S.E.2d 717 (1973).

 In *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979), where a writ of prohibition for a discretionary pre-trial ruling in a civil action was denied, this Court noted in syllabus point 1 that absent "substantial, clear-cut, legal errors plainly in contravention of a clear statutory or constitutional or common law mandate which may be resolved independently of any disputed facts" a writ is not warranted under the flagrant abuse of discretion theory of

prohibition. The trial judge, in his discretion, found that the information sought by petitioners was overly burdensome and costly. This ruling was within the trial judge's discretionary powers to control discovery. *W.Va.R.Civ.P.* 26(c).

Although in his order denying the motion to compel discovery, the trial judge did use the language "simple negligence," as opposed to negligence and intentional tort, the thrust of the order clearly evinces that the trial judge found the discovery requests concerning other similar suits and detailed financial information concerning APCO overly broad. APCO had previously stated its willingness to provide the petitioners with all information concerning the specific right-of-way in dispute. The ruling is certainly not so flagrant an abuse of powers as to warrant the issuance of a writ of prohibition. Syl. pt. 1, *State ex rel. Williams v. Narick,* 164 W.Va. 632, 264 S.E.2d 851 (1980).

Because we hold that the trial court did not abuse its discretion in denying the motion to compel discovery, the trial court did not err in denying fees for the preparation of the motion to compel discovery. *W.Va. R.Civ.P.* 37(4).

Writ denied.