422 S.E.2d 807

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Michael LEWIS, Defendant Below, Appellant.**

**No. 20930.**

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1992.

Decided July 6, 1992.

James B. Lees, Jr., James A. McKowen, Hunt & Wilson, Charleston, for appellant.

Cynthia A. Gaither, Asst. Pros. Atty., Martinsburg, for appellee.

MILLER, Justice:

We granted this case to determine whether the State can obtain review in this Court of a ruling made in a circuit court in a criminal case by certified question under W.Va.Code, 58–5–2 (1967), or by writ of prohibition. For the reasons stated in Part I, *infra*, we find that we are without jurisdiction to entertain a certified question in a criminal case. In Part II, *infra*, we recognize that the State has a limited right to seek a writ of prohibition in a criminal case. However, as we point out in Part III, *infra*, because of an insufficient record, this matter cannot be determined on a writ of prohibition. We, therefore, dismiss this case as improvidently awarded.

I.

The Circuit Court of Greenbrier County certified two questions arising out of a first-degree murder case, which, because of a hung jury, resulted in a mistrial. The certification was made pursuant to W.Va. Code, 58–5–2, and Rule 13 of the Rules of Appellate Procedure.[1] The first certified question asks whether the trial court properly admitted an alleged co-defendant's confession against the defendant, Michael Lewis. The co-defendant did not testify at the trial.[2] The second certified question asks: If the confession was improperly admitted, is a retrial of the defendant barred because of double jeopardy?[3]

■ Both parties consented to the certification of the two questions, and neither claims that we do not have jurisdiction. Nonetheless, we have long held that this Court will make an independent determination of whether the matters brought before it lie within its jurisdiction. Justice Haymond, writing for this Court in *Delardas v. Morgantown Water Commission*, 148 W.Va. 318, 321, 134 S.E.2d 889, 890 (1964), made this statement: "Though not raised by any of the parties to this controversy, the question, being jurisdictional in character, will be considered by this Court on its own motion at any time during the pendency of the controversy." (Citations omitted).

Turning to the substantive issue of whether we have jurisdiction to consider a certification in a criminal case under W.Va. Code, 58–5–2, we have touched on this question in several cases. For example, in *State v. Bailey*, 154 W.Va. 25, 173 S.E.2d 173 (1970), we discussed generally our appellate jurisdiction in criminal cases. There, the State sought, by way of a writ of error, to appeal the trial court's ruling that the defendant's confession was inadmissible. We began by noting that the threshold question was whether this Court had jurisdiction to consider the appeal and stated: "The principle is well established that the jurisdiction of this Court, original as well as appellate, is conferred by and is derived wholly from the Constitution and the statutes of this State enacted in pursuance of the Constitution." 154 W.Va. at 28, 173 S.E.2d at 175. (Citations omitted).

1. W.Va.Code, 58–5–2, provides, in relevant part:
   "Any question arising upon the sufficiency of a summons or return of service, upon a challenge of the sufficiency of a pleading or the venue of the circuit court, upon the sufficiency of a motion for summary judgment where such motion is denied, or a motion for judgment on the pleadings, upon the jurisdiction of the circuit court of a person or subject matter, or upon failure to join an indispensable party, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision[.]"

Rule 13 does not enlarge the basis for certification, but outlines steps to follow when invoking this procedure.

2. The first certified question states: "Was the February 21, 1990, out-of-court statement of alleged co-defendant, Charles Kilmer, properly admitted in the trial of Michael Lewis, defendant herein?"

3. The text of the second certified question is: "If the admission of said statement was error, is the State of West Virginia barred from re-trial of Mr. Lewis in this matter on double jeopardy grounds?"

We then analyzed Article VIII, Section 3 of our Constitution, which relates to the jurisdiction of this Court, as well as W.Va. Code, 51–1–3 (1923).[4] We concluded that neither of these sources authorized the State to use a writ of error in a criminal appeal:

"To apply that provision to the State, as well as the defendant, would give it the clearly unintended, unauthorized and absurd effect of affording the State an appeal in every case, whether the defendant was acquitted or convicted, and would render it violative of Article VIII, Section 5 of the Constitution of this State that no person shall be twice put in jeopardy of life or liberty for the same offense." 154 W.Va. at 31, 173 S.E.2d at 176.

We further recognized in *Bailey* the State's limited right of appeal conferred by W.Va.Code, 58–5–30 (1923), but found it unavailing:

"It is equally clear that the provisions of Section 30, Article 5, Chapter 58, Code, 1931, relate only to a writ of error upon application of the State by the attorney general or the prosecuting attorney to secure a review of a judgment or an order of a circuit court by which an indictment or a warrant in a criminal case has been held to be bad or insufficient and that they do not apply to an order of a circuit court suppressing evidence sought to be introduced upon the trial of an indictment in a criminal case." 154 W.Va. at 31–32, 173 S.E.2d at 177.

More directly on point is *State v. De Spain*, 139 W.Va. 854, 81 S.E.2d 914 (1954), where the circuit court certified a question under W.Va.Code, 58–5–2, asking whether it had ruled correctly in refusing to quash a search warrant. We rejected the certification on the basis that this Code section was inapplicable, stating in the Syllabus:

"The action of a trial court in overruling a motion to quash a search warrant cannot be certified to this Court under the provisions of Code, 58–5–2, inasmuch as a search warrant is not a summons, return of service, or pleading within the meaning of that section."

Another certification under W.Va. Code, 58–5–2, was involved in *State v. Brown*, 159 W.Va. 438, 223 S.E.2d 193 (1976), where the circuit court dismissed an indictment for third offense driving under the influence. In refusing to address the certification under this provision, we stated that "[t]he proper method to challenge the action of a trial court in dismissing an indictment for insufficiency is to appeal such actions under the provisions of Code 58–5–30."[5] 159 W.Va. at 441, 223 S.E.2d at 194. (Citation omitted). We then estab-

---

**4.** Article VIII, Section 3 of our Constitution states, in pertinent part:

"The supreme court of appeals shall have original jurisdiction of proceedings in habeas corpus, mandamus, prohibition and certiorari.

"The court shall have appellate jurisdiction in civil cases at law where the matter in controversy, exclusive of interest and costs, is of greater value or amount than three hundred dollars unless such value or amount is increased by the legislature; in civil cases in equity; in controversies concerning the title or boundaries of land; in proceedings in quo warranto, habeas corpus, mandamus, prohibition and certiorari; and in cases involving personal freedom or the constitutionality of a law. It shall have appellate jurisdiction in criminal cases, where there has been a conviction for a felony or misdemeanor in a circuit court, and such appellate jurisdiction as may be conferred upon it by law where there has been such a conviction in any other court. In criminal proceedings relating to the public revenue, the right of appeal shall belong to the State as well as to the defendant. It shall have such other appellate jurisdiction, in both civil and criminal cases, as may be prescribed by law."

Although this article was amended in 1974, the language quoted above is virtually identical to the language discussed in *Bailey*. W.Va.Code, 51–1–3, contains similar jurisdictional language.

**5.** W.Va.Code, 58–5–30, provides, in relevant part:

"Notwithstanding anything hereinbefore contained in this article, whenever in any criminal case an indictment is held bad or insufficient by the judgment or order of a circuit court, the State, on the application of the attorney general or the prosecuting attorney, may obtain a writ of error to secure a review of such judgment or order by the supreme court of appeals."

This provision has not been amended since our decision in *Brown*.

lished this principle in Syllabus Point 2 of *Brown:*

"The question of certifiability of decisions of a lower court to this Court is one which goes to the jurisdiction of this Court." [6]

■ Many of these same principles were acknowledged in *State v. Jones,* 178 W.Va. 627, 363 S.E.2d 513 (1987), where we discussed the State's limited right to appeal in criminal cases under W.Va.Code, 58–5–30, and concluded in Syllabus Point 1:

"Our law is in accord with the general rule that the State has no right of appeal in a criminal case, except as may be conferred by the Constitution or a statute."

We also pointed out in *Jones* that even where a statute extends to the State the right to appeal, it is still "subject to scrutiny under constitutional double jeopardy principles." 178 W.Va. at 629, 363 S.E.2d at 514. *See United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). The appeal in *Jones* was dismissed because the State failed to petition for review within the thirty-day time limit contained in W.Va.Code, 58–5–30.

W.Va.Code, 58–5–30, was again discussed in *State v. Adkins,* 182 W.Va. 443, 388 S.E.2d 316 (1989), where the State attempted to challenge the trial court's final order dismissing the indictments because the defendant was not tried within three terms of court. *See* W.Va.Code, 62–3–21 (1959). We rejected this attempt, stating in Syllabus Point 2 of *Adkins:*

"Given its plain and ordinary meaning, the phrase 'bad or insufficient,' as set forth in W.Va.Code § 58–5–30 (1966),

cannot be enlarged to encompass a situation in which the trial court ruled that the prosecution failed to prosecute within the three term rule pursuant to W.Va. Code § 62–3–21 (1989)."

More recently, in *State v. Walters,* 186 W.Va. 169, 411 S.E.2d 688 (1991), we held that the State could not appeal the circuit court's dismissal of a criminal complaint issued by the magistrate court. We pointed out that appeals "under W.Va.Code, 58–5–30 [1931], are restricted to cases involving purportedly 'bad or insufficient indictments' not criminal complaints." 186 W.Va. at 172, 411 S.E.2d at 691.

■ From these cases, several principles emerge. First, W.Va.Code, 58–5–2, is designed for certifying questions in civil cases. Second, the State's right to an appeal in a criminal case is contained in W.Va.Code, 58–5–30, and is confined to those cases where "an indictment is held bad or insufficient by the judgment or order of the circuit court[.]" Finally, the jurisdiction of this Court, original as well as appellate, is conferred by and is derived wholly from the Constitution and the statutes of this state enacted in pursuance of the Constitution.

### II.

We next determine whether the State may bring this issue by writ of prohibition on the theory that under both Article VIII, Section 3 of our Constitution and W.Va. Code, 51–1–3, we have original jurisdiction in prohibition and mandamus.[7] Under this theory, when the State receives an adverse ruling in a criminal case that substantially impairs its ability to prosecute the case, or

---

6. Certification under W.Va.Code, 58–5–2, may also be improper where the answer to the certified question hinges on disputed facts:

"The second aspect of the instant case which constitutes an impediment to its certification is that in ruling on the defendant's special plea, the court below considered and apparently relied upon factual matters outside of the pleadings. It has been repeatedly held that this Court has no jurisdiction to review on certification any pleading which has been disposed of by reliance on proof." *State v. Brown,* 159 W.Va. at 441, 223 S.E.2d at 195. (Citations omitted).

In Syllabus Point 2 of *Toler v. Shelton,* 159 W.Va. 476, 223 S.E.2d 429 (1976), we summarized the principle announced in *Brown:*

"Certification is a procedure which is available only to examine the facial sufficiency of a pleading and does not lie to test the sufficiency of a pleading when measured against underlying facts."

7. For the applicable text of Article VIII, Section 3 of our Constitution and W.Va.Code, 51–1–3, see note 4, *supra.*

when the trial court sets aside a verdict on a motion for new trial, the State should be able to seek a writ of prohibition from this Court to overturn the lower court's ruling.

This point has not received any discussion in our jurisdiction. There are cases where we have granted writs of prohibition in criminal cases; however, this has usually been done at the request of the defendant. A common example is where a defendant claims there was some misconduct on the part of the prosecutor that renders the indictment invalid. This includes situations where the defendant claims that the prosecutor is disqualified from participating in the criminal trial or where a trial is barred by a plea agreement. *See, e.g., State ex rel. Starr v. Halbritter,* 183 W.Va. 350, 395 S.E.2d 773 (1990) (indictment void because grand jury failed to vote on it); *State ex rel. Rogers v. Steptoe,* 177 W.Va. 6, 350 S.E.2d 7 (1986) (plea agreement barred trial); *Farber v. Douglas,* 178 W.Va. 491, 361 S.E.2d 456 (1985) (prosecutor disqualified because of bias); *State ex rel. Miller v. Smith,* 168 W.Va. 745, 285 S.E.2d 500 (1981) (prosecutor's misconduct before grand jury); *State ex rel. Moran v. Ziegler,* 161 W.Va. 609, 244 S.E.2d 550 (1978) (private prosecutor disqualified because defendant had asked attorney to represent him in criminal matter); *State ex rel. Gray v. McClure,* 161 W.Va. 488, 242 S.E.2d 704 (1978) (violation of plea agreement).

Another group of our cases holds that prohibition will lie if the indictment against the defendant fails to charge a crime. *See, e.g., State ex rel. Gillespie v. Wood,* 154 W.Va. 422, 175 S.E.2d 497 (1970); *State ex rel. McCormick v. Hall,* 150 W.Va. 385, 146 S.E.2d 520 (1966), *overruled on other grounds, State v. Furner,* 161 W.Va. 680, 245 S.E.2d 618 (1978); *Workman v. Shaffer,* 112 W.Va. 338, 164 S.E. 299 (1932). In these cases, we held that when the indict-ment fails to charge a crime, the trial court lacks jurisdiction to try the case, as expressed in Syllabus Point 1 of *State ex rel. McCormick v. Hall, supra:*

"Under Section 1, Article 1, Chapter 53, Code, 1931, the writ of prohibition lies as a matter of right in all cases of usurpation and abuse of power when the inferior court does not have jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers."

Prohibition has also been granted for criminal defendants on other jurisdictional grounds, such as violation of the right to a speedy trial, double jeopardy, or where the criminal statute is found unconstitutional. *See, e.g., State ex rel. Johnson v. Zakaib,* 184 W.Va. 346, 400 S.E.2d 590 (1990) (violation of speedy trial right); *Pinkerton v. Farr,* 159 W.Va. 223, 220 S.E.2d 682 (1975) (criminal statute found unconstitutional); *State ex rel. Zirk v. Muntzing,* 146 W.Va. 878, 122 S.E.2d 851 (1961) (double jeopardy).

In Syllabus Point 2 of *Woodall v. Laurita,* 156 W.Va. 707, 195 S.E.2d 717 (1973), we sought to define the type of challenge a criminal defendant must make in order to obtain a writ of prohibition when he claims that the trial court has abused its powers, rather than wholly lacks jurisdiction:

"Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of powers is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohibition issue."[8]

---

**8.** Our rule regarding prohibition in a civil case was liberalized in Syllabus Point 1 of *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979), and is considerably more lenient than in a criminal case:

"In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law

*See also Weikle v. Hey,* 179 W.Va. 458, 369 S.E.2d 893 (1988); *Kennedy v. State,* 176 W.Va. 284, 342 S.E.2d 251 (1986); *State ex rel. Williams v. Narick,* 164 W.Va. 632, 264 S.E.2d 851 (1980).

Again, we emphasize that in all of the foregoing cases, the person seeking the writ was the criminal defendant. We have found only a few cases where the State has sought a writ of prohibition in a criminal case. In *Noll v. Dailey,* 72 W.Va. 520, 79 S.E. 668 (1913), the trial court dismissed the grand jury indictment because it was based on insufficient evidence. The State then filed a petition for a writ of prohibition with this Court. Without any extended discussion of our power to grant the requested relief, we found the trial court did not have jurisdiction to examine the sufficiency of the evidence and issued a writ of prohibition.

A similar fact pattern was present in *State v. Dawson,* 129 W.Va. 279, 40 S.E.2d 306 (1946), where the indictment was dismissed because there was insufficient evidence presented to the grand jury. With even less discussion of the procedural question, this Court found that the trial court was "exceeding its legitimate powers and may be prohibited." 129 W.Va. at 283, 40 S.E.2d at 308.

We have also granted a writ of prohibition in several cases on behalf of a prosecuting attorney who claimed that the circuit court acted beyond its jurisdiction in giving a sentence that was not statutorily prescribed. *See, e.g., State ex rel. Moomau v. Hamilton,* 184 W.Va. 251, 400 S.E.2d 259 (1990); *State ex rel. Hagg v. Spillers,* 181 W.Va. 387, 382 S.E.2d 581 (1989). In a similar vein, we have granted prohibition for a prosecutor who claimed the circuit judge was exceeding his legitimate powers in attempting to control an indictment and finding him in contempt. *State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 313 S.E.2d 409 (1984). However, in none of these cases was there any detailed discussion as to the State's right to use prohibition.

We also note that in *State ex rel. Pinson v. Maynard,* 181 W.Va. 662, 383 S.E.2d 844 (1989), we issued a writ of mandamus at the request of the prosecuting attorney. The trial court had dismissed an embezzlement indictment with prejudice because of perceived misconduct by a grand jury witness. We did not discuss the procedural question as to the right to use the writ. We held that the indictment should not have been dismissed with prejudice.

■ As between mandamus and prohibition, it appears from our cases that prohibition is the preferred and more appropriate remedy to challenge the actions of a court when the allegation is that the trial court was without jurisdiction or was acting beyond its legitimate powers. This is the statutory language in W.Va.Code, 53–1–1 (1923): "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." Thus, we have held in numerous cases that a writ of prohibition will lie to control the actions of a court which exceeds, abuses, or acts without jurisdiction.[9]

---

mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance."

*See also Glover v. Narick,* 184 W.Va. 381, 400 S.E.2d 816 (1990); *State ex rel. Taylor Assocs. v. Nuzum,* 175 W.Va. 19, 330 S.E.2d 677 (1985); *Ash v. Twyman,* 174 W.Va. 177, 324 S.E.2d 138 (1984). To the extent that we have suggested that this standard may apply in a criminal case, we now hold otherwise. *See Naum v. Halbritter,* 172 W.Va. 610, 309 S.E.2d 109 (1983).

**9.** *See, e.g., Trumka v. Ashworth,* 183 W.Va. 319, 395 S.E.2d 563 (1990); *West Virginia Advocates*

*for the Developmentally Disabled v. Casey,* 178 W.Va. 682, 364 S.E.2d 8 (1987); *State ex rel. King v. MacQueen,* 182 W.Va. 162, 386 S.E.2d 819 (1986); *Hechler v. Casey,* 175 W.Va. 434, 333 S.E.2d 799 (1985); *State ex rel. D.D.H. v. Dostert,* 165 W.Va. 448, 269 S.E.2d 401 (1980); *State ex rel. McCartney v. Nuzum,* 161 W.Va. 740, 248 S.E.2d 318 (1978); *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.,* 158 W.Va. 492, 211 S.E.2d 705 (1975); *State ex rel. Heck's, Inc. v. Gates,* 149 W.Va. 421, 141 S.E.2d 369 (1965); *State ex rel. Black v. Pennybacker,* 144 W.Va. 612, 110 S.E.2d 265 (1959); *Fisher v. Bouchelle,* 134 W.Va. 333, 61 S.E.2d 305 (1950); *Morris v. Calhoun,* 119 W.Va. 603, 195 S.E. 341 (1938); *Belt*

On the other hand, a writ of mandamus is ordinarily used to require the performance of some mandatory legal duty rather than to restrain a court from exceeding its jurisdiction. Mandamus is directed against public officials or governmental bodies. We explained the basic requirements for a writ of mandamus in Syllabus Points 3 and 4 of *Halstead v. Dials*, 182 W.Va. 695, 391 S.E.2d 385 (1990):

> "3. 'A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.' Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969).

> "4. 'Mandamus will not be denied because there is another remedy, unless such other remedy is equally beneficial, convenient and effective.' Syllabus Point 2, *Stowers v. Blackburn*, 141 W.Va. 328, 90 S.E.2d 277 (1955)."

The one area where we have consistently issued a writ of mandamus against an inferior court is if that court has substantially delayed ruling on a matter before it. This practice promotes the purpose of mandamus, which is to order a public official to act who has a duty to act. We explained in *State ex rel. Patterson v. Aldredge*, 173 W.Va. 446, 317 S.E.2d 805 (1984), that judges are required to be diligent in disposing of their cases and concluded in Syllabus Point 2:

> " 'Mandamus will not lie to direct the manner in which a trial court should exercise its discretion with regard to an act

either judicial or quasi-judicial, but a trial court, or other inferior tribunal, may be compelled to act in a case if it unreasonably neglects or refuses to do so.' *State ex rel. Cackowska v. Knapp*, 147 W.Va. 699, 130 S.E.2d 204 (1963)."

We find from our examination that while we have permitted the State to seek an extraordinary remedy in a criminal case, we have not announced any general guidelines as to when it is appropriate. When we look to other jurisdictions, we find some useful guidance. The leading United States Supreme Court case is *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967), where the district court dismissed a criminal indictment because the Government refused to comply with court-ordered discovery. The Government obtained a writ of mandamus [10] from the Court of Appeals for the Seventh Circuit, and the defendant appealed the mandamus order to the Supreme Court, which vacated it. The Court discussed generally when the Government's use of the writ might be warranted:

> "It has been invoked successfully where the action of the trial court totally deprived the Government of its right to initiate a prosecution ... and where the court overreached its judicial power to deny the Government the rightful fruits of a valid conviction.... But this Court has never approved the use of the writ to review an interlocutory procedural order in a criminal case which did not have the effect of a dismissal." 389 U.S. at 97–98, 88 S.Ct. at 275, 19 L.Ed.2d at 312. (Citations omitted).

The Supreme Court further touched on certain constitutional considerations that

---

*v. Gandee*, 103 W.Va. 712, 138 S.E. 365 (1927); *Marsh v. O'Brien*, 82 W.Va. 508, 96 S.E. 795 (1918); *Norfolk & W. Ry. Co. v. Pinnacle Coal Co.*, 44 W.Va. 574, 30 S.E. 196 (1898); *McConiha v. Guthrie*, 21 W.Va. 134 (1882).

**10.** According to this statement in *Will v. United States*, 389 U.S. at 95, 88 S.Ct. at 273, 19 L.Ed.2d at 310, mandamus performs the same function in the federal system as our writ of prohibition:

> "The peremptory writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel

it to exercise its authority when it is its duty to do so.' *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, [63 S.Ct. 938, 941, 87 L.Ed. 1185, 1190] (1943). While the courts have never confined themselves to an arbitrary and technical definition of 'jurisdiction,' it is clear that only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 217, [65 S.Ct. 1130, 1132, 89 L.Ed. 1566, 1572] (1945)."

might determine whether the writ should be granted:

> "It is enough to note that we approach the decision in this case with an awareness of the constitutional precepts that a man is entitled to a speedy trial and that he may not be placed twice in jeopardy for the same offense." 389 U.S. at 98, 88 S.Ct. at 275, 19 L.Ed.2d at 312.

The use of mandamus to control federal district courts in criminal cases has been curtailed since *Will* because of Congress's expansion of the statute granting the government the right to an appeal in a criminal case in 18 U.S.C. § 3731 (1986).[11] *See generally Arizona v. Manypenny*, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981); *United States v. Wilson, supra*. A number of states have statutes which give the prosecution the right to appeal criminal cases on grounds that are similar to those contained in the federal act.[12] This appeal remedy may explain why these jurisdictions rarely discuss the use of prohibition by the State in a criminal case. There are, however, a number of jurisdictions where a writ of prohibition is available to the state in a criminal case. Perhaps the most scholarly and extensive discussion is that of the Maryland Court of Appeals in *In re Petition for Writ of Prohibition*, 312 Md. 280, 539 A.2d 664 (1988), where the State sought to prohibit the trial court from granting a new trial in a criminal case based on insufficiency of the evidence.

The Maryland Court of Appeals traced the common law history of writs of prohibition and mandamus and reviewed the trial judge's role on a motion for new trial. The Maryland court came to the conclusion that because a trial court has extensive powers to make a factual review of the evidence on a motion for new trial, its decision should not be controlled by a writ except in extraordinary situations:

> "Closer factually to the case before us (albeit in a civil context) is *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). In that case a district court judge granted a motion for new trial because he had made erroneous evidentiary rulings, and because the evidence did not support the amount of the verdict. The plaintiff then persuaded the Court of Appeals for the Tenth Circuit to issue a writ of mandamus ordering the trial court to reinstate the jury verdict as to liability, but permitting a new trial as to damages. The Supreme Court reversed. Stressing that 'the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations,' the Court explained that '[a] trial court's ordering of a new trial rarely, if ever, will justify the issuance of a writ of mandamus.' *Id.* at 34–36, 101

---

11.  18 U.S.C. § 3731 is much broader than our appeal statute, W.Va.Code, 58–5–30. *See* note 5, *supra*. The text of 18 U.S.C. § 3731 states:

> "In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

> "An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [*sic*] suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

> "An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

> "The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

> "The provisions of this section shall be liberally construed to effectuate its purposes."

12.  *See, e.g.,* Del.Code Ann. tit. 10, § 9902 (1975); D.C.Code Ann. § 23–104 (1989); Ga.Code Ann. § 5–7–1 (Michie 1991); Neb.Rev.Stat. §§ 29–824; 29–2315.01 (1989); N.M.Stat.Ann. § 39–3–3 (1978); N.Y.Crim.Proc. §§ 450.20; 710.30 (McKinney 1986); N.C.Gen.Stat. § 15A–1445 (1988); N.D.Cent.Code § 29–28–07 (1991).

S.Ct. at 190, 66 L.Ed.2d at 196–197." 539 A.2d at 687–88.

A showing of extraordinary circumstances is the general prerequisite in those jurisdictions that have allowed the state some form of extraordinary relief independent of a criminal appeal statute.[13] *See, e.g., Ex Parte Nice,* 407 So.2d 874 (Ala. 1981) (writ of mandamus); *State ex rel. Hyder v. Superior Court,* 128 Ariz. 216, 624 P.2d 1264 (1981) (petition for special action); *People v. Gallagher,* 194 Colo. 121, 570 P.2d 236 (1977) (writ of prohibition); *Wilson v. State,* 520 So.2d 566 (Fla.1988) (petition for certiorari); *In re Petition for Writ of Prohibition, supra* (writ of prohibition); *Commonwealth v. Cook,* 380 Mass. 314, 403 N.E.2d 363 (1980) (under statutory supervisory powers); *State ex rel. Martin v. Berrey,* 560 S.W.2d 54 (Mo. App.1977) (writ of prohibition); *State v. Sims,* 65 N.J. 359, 322 A.2d 809 (1974) (court promulgated rule); *State v. Surles,* 55 N.C.App. 179, 284 S.E.2d 738 (1981), *review denied,* 305 N.C. 307, 290 S.E.2d 707 (1982) (writ of mandamus); *State v. Saari,* 152 Vt. 510, 568 A.2d 344 (1989) (writ of mandamus).[14]

In those jurisdictions where review is permitted independent of a specific statute or constitutional provision, the courts have reserved it for serious substantive errors that destroy the State's ability to pursue the prosecution of the case or deprives the State of its valid conviction. *See, e.g., Ex Parte Nice,* 407 So.2d at 877 ("[O]nly the rarest of circumstances merit an intervention in a criminal case[.]"); *In re Petition for Writ of Prohibition,* 312 Md. at 329, 539 A.2d at 688 ("[State's] burden is to show us that the circumstances are so extraordinary as to justify issuance of a writ."); *State ex rel. Martin v. Berrey,* 560 S.W.2d at 59 ("Appeals by the State in

criminal cases are made exceptional because they tend to threaten the policy which sustains double jeopardy[.]"); *Commonwealth v. Cook,* 380 Mass. at 318, 403 N.E.2d at 367 ("We will review interlocutory matters in criminal cases only when substantial claims 'of irremediable' error are presented ... and only in 'exceptional circumstances' ... where 'it becomes necessary to protect substantive rights.' " [Citations omitted]); *State v. Surles,* 55 N.C.App. at 181, 284 S.E.2d at 740 ("[State] may seek a writ of mandamus to compel a trial court to set aside action taken in excess of its authority."); *State v. Saari,* 152 Vt. at 513, 568 A.2d at 347 ("Only exceptional circumstances amounting to a judicial 'usurpation of power' will justify invocation of this extraordinary remedy." [Citation omitted]).

These expressions are similar to our admonition in *Woodall v. Laurita, supra,* that where prohibition is sought for an abuse of power, it must be "flagrant and violative of petitioner's rights as to make remedy by appeal inadequate[.]" Syllabus Point 2, in part. Moreover, we must remember that *Woodall* concerned a defendant's petition for a writ of prohibition, where the writ is more liberally awarded because of double jeopardy or speedy trial violations.

█ From our prior cases, we conclude that the State is entitled to a limited right to seek a writ of prohibition in a criminal case. The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, though acting within its jurisdiction, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the

---

13. There are several courts that confine the State's right to appeal solely to those rights granted by statute or in their constitution and refuse to grant prohibition. *See, e.g., State v. Alvarez,* 113 N.M. 82, 823 P.2d 324, *cert. denied,* 113 N.M. 23, 821 P.2d 1060 (1991); *State v. Paul,* 80 N.M. 746, 461 P.2d 228 (1969), *overruled on other grounds, State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973); *State v. Sellers,* 766 S.W.2d 312 (Tex.App.1989), *aff'd,* 790 S.W.2d 316 (Tex.

1990); *White v. State,* 543 S.W.2d 366 (Tex. Crim.App.1976).

14. Oklahoma appears to confer a right of prohibition only to the extent the inferior court is acting without jurisdiction. *State ex rel. Worthen v. Walker,* 668 P.2d 1174 (Okla.Crim.App.1983).

case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.[15]

■■■ There are, however, obvious restrictions to this general rule. First, if the adverse ruling involves the sufficiency of an indictment, which can be appealed under W.Va.Code, 58–5–30, there is no need for the State to use prohibition because it has an adequate remedy.[16] Second, a writ of prohibition may not be used to challenge the jury's acquittal of a defendant or his conviction of a lesser offense than the State had hoped for. Such efforts would obviously violate the Double Jeopardy Clause. Third, we stress, as have other courts in this area, that rulings made in a criminal case by the trial court on disputed issues of fact and those that are committed to the sound discretion of the trial court are ordinarily not subject to control through a writ of prohibition. *See, e.g., People v. Gallagher, supra; In re Petition for a Writ of Prohibition, supra; Commonwealth v. Cook, supra.*

■■■ Finally, the exceptional circumstances that might entitle the State to a writ of prohibition does not include all those embodied in 18 U.S.C. § 3731.[17] In other words, we are not creating a broad right of appeal through a writ of prohibition. To accord the State such far-reaching rights would usurp a legislative prerogative. As the United States Supreme Court stated in *Arizona v. Manypenny*, 451 U.S. at 247, 101 S.Ct. at 1667, 68 L.Ed.2d at 72:

> "Our continuing refusal to assume that the United States possesses any inherent right to appeal reflects an abiding concern to check the Federal Government's possible misuse of its enormous prosecutorial powers. By insisting that Congress speak with a clear voice when extending to the Executive a right to expand criminal prosecutions, [*United States v.] Sanges* [144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 (1892)] and its subsequent applications have placed the responsibility for such assertions of authority over citizens in the democratically elected Legislature where it belongs."

If the State desires expansive powers to appeal in a criminal case, it must secure them from the proper source—the legislature. Prohibition remains an extraordinary remedy.

### III.

When we turn to the facts of this case, we are not presented with an evidentiary record of what transpired at the *in camera* hearing nor the court's reasoning on this issue. We have only the parties' meager factual assertions in their briefs before this Court which demonstrate factual conflicts. Thus, even if the issue were before us in prohibition, the lack of a factual record would foreclose our consideration of it.

For the foregoing reasons, we dismiss this case as improvidently awarded.

Case dismissed.

---

15. The concept of promptness is embodied in many statutes granting the State a right of appeal in a criminal case. *See, e.g.,* Neb.Rev.Stat. § 29–2315.01 (1989); N.M.Stat.Ann. § 39–3–3 (1991). Under the federal appeal statute, the appeal time is thirty days. 18 U.S.C. § 3731. *See* note 11, *supra.* W.Va.Code, 58–5–30, also provides for thirty days.

16. Furthermore, where an indictment is dismissed because of a technical defect that the State can remedy by procuring a new indictment, prohibition is not an appropriate remedy. Ordinarily, the dismissal of an indictment does not preclude the State from seeking a reindictment. *See generally* 41 Am.Jur.2d *Indictment & Information* § 33 (1968 & Supp.1992). However, if there is a violation of the three-term rule under W.Va.Code, 62–3–21, the new indictment is invalid. *See State v. Adkins, supra.*

17. For the text of 18 U.S.C. § 3731, see note 11, *supra.*