The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Janene WILLIAMS, Defendant–Appellant.

No. 06CA0073.

Colorado Court of Appeals, Div. V.

June 14, 2007.

Rehearing Denied Oct. 18, 2007.

Certiorari Denied May 27, 2008.

John W. Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Alexander M. Musz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

Defendant, Janene Williams, appeals the judgment of conviction entered upon jury verdicts finding her guilty of conspiracy and unlawful distribution of a schedule II controlled substance. We reverse and remand for a new trial.

At trial, the prosecution presented evidence proving that defendant acted as the intermediary in a methamphetamine transaction involving a police informant.

## I.

Defendant first argues that the trial court abused its discretion by admitting a laboratory report without testimony from the laboratory technician who had prepared the report, and whose presence at trial defendant had requested pursuant to § 16–3–309(5), C.R.S. 2006. We agree.

"A trial court has substantial discretion in deciding questions concerning the admissibility of evidence." *People v. Eppens,* 979 P.2d 14, 22 (Colo.1999). However, a trial court's interpretation of a statute governing the admissibility of a particular type of evidence is subject to de novo review. *See People v. Golden,* 140 P.3d 1, 4 (Colo.App.2005)(trial court's interpretation of rape shield statute reviewed de novo).

Section 16–3–309(5) states that a report or findings of the criminalistics laboratory shall be received in evidence in any court "with the same force and effect as if the employee or technician of the criminalistics laboratory who accomplished the requested analysis, comparison, or identification had testified in person." It goes on to state, however, that "[a]ny party may request that such employee or technician testify in person at a criminal trial on behalf of the state before a jury or to the court, by notifying the witness and other party at least ten days before the date of such criminal trial."

Here, in June 2004, the prosecution filed an information which included a list of potential witnesses. However, rather than name the individual who had tested the methamphetamine which defendant was alleged to have distributed, the prosecution's notice stated only that an unidentified "agent" would be called from the Colorado Bureau of Investigations (CBI).

In December 2004, defendant filed a written request captioned as a "Notice Pursuant to § 16–3–309 for Technician or Employee of Criminalistics Laboratory to Testify in Person." In that motion, defendant stated that she was notifying the prosecution "that she requires the in person testimony of any technician or employee of a criminalistics' [sic] laboratory to testify in person ... pursuant to C.R.S. 16–3–309."

Although trial was initially scheduled for April 2005, the matter was rescheduled for August. In June, the prosecution filed a supplemental endorsement naming the CBI agent who had conducted the testing of the methamphetamine. In August, the trial was rescheduled a second time.

Trial commenced in October. During direct examination of a police officer who had participated in the investigation, the prosecution moved to admit a written laboratory report prepared by a CBI agent. In the report, the CBI agent stated that he had tested the submitted substance and determined that it was 2.9 grams of methamphetamine. Defendant objected, reminding the court that she had filed a written notice pursuant to § 16–3–309(5).

In response, the prosecutor asserted that defendant's notice was deficient because it did not indicate the name of the CBI agent who had conducted the testing and did not specify the applicable case number. In addition, the prosecutor informed the court that the CBI agent who had conducted the testing was not available to testify. She explained that after the court had rescheduled the trial to an October date, the CBI agent told her he had not received a defense request to testify, and that, as a consequence, she told him he could attend an out-of-state training conference scheduled for the trial date. She insisted she had acted in good faith, averring that she had neglected to review her case file, which contained a copy of the written notice defendant had filed in December 2004. However, the prosecutor admitted that she had made arrangements to have the CBI agent testify when the trial had been previously scheduled for April and August.

Despite this concession, the prosecutor argued that, when she had endorsed the CBI agent by name in June, the defense should have filed a more specific notice under § 16–3–309(5) or issued a subpoena to the CBI agent. The trial court disagreed, concluding that the notice filed in December 2004 sufficiently complied with § 16–3–309(5), as evidenced by the fact that the prosecution had twice before made arrangements to have the CBI agent testify. Accordingly, the court sustained defendant's objection to the introduction of the laboratory report.

At trial, the prosecutor called the supervisor of the CBI laboratory to testify as an expert witness in the field of forensic chemistry. Although defendant did not object to the qualification of the supervisor as an expert, she objected—pursuant to § 16–3–309(5)—when the prosecutor moved to introduce the laboratory report through the supervisor's testimony, arguing that the supervisor was not the person who had conducted the testing. The trial court overruled the objection, reasoning that the laboratory report was admissible under CRE 803(6), the business records exception to the prohibition against hearsay.

■ On appeal, the People argue that introduction of the laboratory report through the testimony of the CBI supervisor complied with § 163309(5) because defendant's written notice asked for the testimony of "any technician or employee." According to the People, defendant's demand should be strictly construed as a request for the testimony of "any technician or employee" of the CBI laboratory chosen by the prosecution, irrespective of whether the person selected to testify had personal knowledge of the testing in this case. We reject this reading of defendant's pleading as strained, particularly in light of the fact—as noted by the trial court in its initial ruling finding that defendant's notice complied with § 16–3–309(5)—that the prosecution twice complied with the obvious intent of defendant's notice by making arrangements to have the CBI agent testify. Hence, we conclude the trial court acted within its discretion in finding that defendant complied with the statute.

■ Alternatively, the People suggest that, because the CBI supervisor was qualified as an expert witness, admission of the laboratory report through her testimony was appropriate because CRE 703 permits an expert witness to describe the materials underlying her opinion. We disagree.

As recognized by one of the authorities on which the People rely, such testimony is only appropriate where the expert's "description is not submitted for the truth of the materials' assertion." *People v. Bornman*, 953 P.2d 952, 956 (Colo.App.1997). Here, however, the supervisor's testimony was offered for that prohibited purpose.

■ Nor are we persuaded by the People's alternative argument defending the trial court's conclusion that the laboratory report

was admissible under the business records exception to the hearsay rule.

CRE 803(6) provides for the admission of any "memorandum, report, record, or data compilation ... of acts, events, conditions, opinions, or diagnosis, made at or near the time by ... a person with knowledge, if kept in the course of a regularly conducted business activity."

In *People v. Hinojos–Mendoza*, 140 P.3d 30 (Colo.App.2005)(*cert. granted* Aug. 14, 2006), a division of this court concluded that a laboratory report detailing the testing and weighing of cocaine was not "testimonial" within the meaning of that term as used in the constitutional confrontation analysis of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and that it therefore was admissible as a business record pursuant to CRE 803(6) without the testimony of the technician who had conducted the testing. However, in concluding that the trial court had not erred in admitting the laboratory report, the division observed that the defendant had failed to exercise his right under § 16–3–309(5) to make a timely request that the technician who conducted the test be made available at trial. *See also People v. Cruthers*, 124 P.3d 887, 889–90 (Colo.App.2005)(by failing to request that the technician testify at trial pursuant to § 163309(5), defendant waived the objection that the People were required to present foundation testimony concerning the nature of the laboratory that prepared the report); *cf. People v. Walters*, 148 P.3d 331, 338 (Colo.App.2006)(adopting the analysis of *People v. Hinojos–Mendoza, supra*, and holding—without stating whether the defendant filed timely notice pursuant to § 16–3–309(5)—that any error in admitting hearsay testimony regarding the contents of a laboratory report did not rise to the level of plain error in light of other undisputed evidence).

Here, unlike in *People v. Hinojos–Mendoza, supra*, defendant made a timely request pursuant to § 16–3–309(5). Thus, even if we assume the laboratory report constituted a business record, we still must decide whether, without the testimony of the CBI agent who conducted the testing, admission of the laboratory report was precluded by § 16–3–309(5).

In *People v. Mojica–Simental*, 73 P.3d 15, 18–19 (Colo.2003), the supreme court interpreted § 16–3–309(5) and upheld its constitutionality, emphasizing that:

> [W]hen a defendant wants to confront and question that witness, all he must do is notify the prosecution, at least ten days before trial, that he would like the technician present; if he does so, his simple request will prevent the admission of the lab report without the foundational testimony of the appropriate lab technician.
>
> . . . .
>
> [W]here a defendant wishes to contest a lab test, the analyst's presence is crucial to secure the defendant's right to confront the witnesses against him.

In light of this unambiguous holding and the express language of the statute, we conclude the specific requirement in § 16–3–309(5) that the testing technician be made available at trial upon timely request overrides the general hearsay exception of CRE 803(6). Therefore, we further conclude the trial court erred by admitting the laboratory report without the testimony of the CBI agent who conducted the testing.

Because the People do not argue that the erroneous admission of the laboratory report to establish a disputed element of the offense can be excused as harmless, and because our own review of the record does not reveal any other evidence proving that the substance in question was methamphetamine, defendant's convictions must be reversed.

## II.

Defendant next argues that the evidence is insufficient to support the jury's verdict finding her guilty of conspiracy to commit unlawful distribution of a schedule II controlled substance. We must resolve this issue to determine whether defendant may be retried. We disagree with defendant's argument.

Subject to an exception not applicable here, "it is unlawful for any person knowingly to ... conspire with one or more other persons, to ... distribute ... a controlled

substance." Section 18–18–405(1)(a), C.R.S. 2006. Conspiracy to distribute a schedule II controlled substance, such as methamphetamine, is a class three felony. *See* §§ 18–18–204(2)(c)(II), 18–18–405(2)(a)(I), C.R.S.2006; *People v. Thurman*, 948 P.2d 69, 73 (Colo.App.1997)(under § 18–18–405, any person who distributes or conspires to distribute a schedule II controlled substance commits a class three felony).

The offense of conspiracy is defined in § 18–2–201, C.R.S.2006, which provides, in relevant part, as follows:

(1) A person commits conspiracy to commit a crime if, with the intent to promote or facilitate its commission, he agrees with another person or persons that they, or one or more of them, will engage in conduct which constitutes a crime or an attempt to commit a crime, or he agrees to aid the other person or persons in the planning or commission of a crime or of an attempt to commit such crime.

(2) No person may be convicted of conspiracy to commit a crime, unless an overt act in pursuance of that conspiracy is proved to have been done by him or by a person with whom he conspired.

■ In assessing the sufficiency of the evidence supporting a guilty verdict, a reviewing court must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt. When applying this standard, we must give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence. *Kogan v. People*, 756 P.2d 945, 950 (Colo.1988). And the supreme court has "recognized that proof in a conspiracy case will necessarily be mostly circumstantial due to the covert and secretive nature of the offense." *People v. LeFebre*, 190 Colo. 307, 310, 546 P.2d 952, 954 (1976).

Further, in determining whether the evidence in this case is sufficient to support defendant's conviction, it is permissible for us to consider the laboratory report despite the fact that we have concluded it was improperly admitted. *See Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); *see also People v. Sisneros*, 44 Colo. App. 65, 68, 606 P.2d 1317, 1319 (1980) (if a conviction is reversed solely for evidentiary insufficiency, the Double Jeopardy Clause requires judgment of acquittal; but when reversal is predicated on the receipt of inadmissible evidence, remand for a new trial is proper).

When viewed according to the foregoing standards, the evidence in this case establishes the following facts.

■ A police informant called defendant on the telephone and told her he wanted to buy some methamphetamine. Defendant asked the informant how much he wished to purchase. The informant told defendant he wanted an eighth of an ounce. Defendant indicated that she would arrange the transaction and directed the informant to call her back to confirm the time and place where the sale would occur.

The next day, the informant called defendant. Defendant told the informant to come to her residence. When the informant arrived, defendant was sitting on the couch smoking methamphetamine. A woman named T.E. entered the room and handed the informant a package containing a substance which appeared to be an eighth of an ounce of methamphetamine. Although T.E. wanted $180 for the methamphetamine, the informant had only $160. T.E. agreed to accept the $160 as partial payment and allowed the informant to leave with the methamphetamine.

A few days later, the informant returned and gave defendant $20 as payment for the balance owed.

Police officers later submitted the purchased substance to the CBI where, as discussed above, a laboratory technician weighed it, tested it, and determined that it was 2.9 grams of methamphetamine.

We conclude the circumstantial evidence inferentially establishes that defendant and T.E. entered into an unlawful agreement to sell methamphetamine. *See People v. Bennett*, 183 Colo. 125, 132, 515 P.2d 466, 469 (1973) ("The same test for measuring the sufficiency of evidence should apply whether

the evidence is direct or circumstantial."). When combined with the laboratory report establishing that the purchased substance was methamphetamine, this evidence was sufficient to support defendant's conviction for conspiracy to commit unlawful distribution of a schedule II controlled substance. Accordingly, defendant is subject to retrial. *See People v. Sisneros, supra.*

The judgment of conviction is reversed, and the case is remanded for a new trial consistent with the views expressed in this opinion.

Judge DAILEY and Judge TERRY concur.