STATE OF WEST VIRGINIA

*v.*

ROBERT M. BARKER

(NOS. 15038, 15115)

Decided March 19, 1982.

Albright, Fluharty, Bradley & Townsend, James M. Bradley, Jr., for appellant.

*Harry G. Deitzler*, Prosecuting Attorney, *Elizabeth A. Pyles*, Assistant Prosecuting Attorney, for appellee.

PER CURIAM:

These two cases are consolidated for appeal because they involve substantially the same facts and the same issue. In each case, the appellant, Robert Barker, appeals from an order of the Circuit Court of Wood County sentencing him to one-to-ten-years in the penitentiary upon a jury determination that he was guilty of forgery and uttering. The two sentences were imposed to run concurrently. The appellant argues that it was error to admit into evidence handwriting samples taken from him the first day at trial, and the prosecution's expert testimony based upon those samples, because the taking of handwriting samples and their use at trial constituted a failure of discovery and did not afford him an adequate opportunity to prepare his defense.[1] We agree in Case No. 15115 and reverse, but disagree in Case No. 15038 and affirm.

The appellant was charged with forging and uttering two checks drawn on the account of Sharon Cantwell. The two cases were tried separately. Several months before the first of these cases came to trial, the State took handwriting samples from the appellant, apparently with the idea of using them for comparison purposes. These samples were not taken in the presence of a judge. The State disclosed the existence of these samples to the defense before the trial of each case under a general discovery order.

---

[1] The appellant assigns additional errors in both appeals. In case No. 15038, the appellant also contends that the lower court erred in refusing his motion for a new trial and by admitting into evidence a canceled check, containing bank stamps reading "signature not like on file" because there was no foundation for such stamps. In case No. 15115 the appellant contends that the lower court erred in not granting his motions for a mistrial and a new trial. We have carefully considered these assignments and find them wholly without merit.

In Case No. 15115, tried 13 and 14 August 1979, the State attempted to introduce these samples into evidence. The appellant objected that the samples were inadmissible because they had not been taken in conformity with the provisions of *W.Va. Code*, 57-2-1 [1923], requiring that samples written for comparison purposes be taken under the supervision of a judge.[2] The trial court correctly ruled that the samples were inadmissible and sustained the appellant's objection. The trial court then promptly supervised the taking of a new set of samples. The appellant moved for a continuance at this time, but the trial court denied the motion and proceeded with the trial.

In Case No. 15038, tried 5 and 6 December 1979, the State, recognizing that the non-supervised samples they had taken earlier were inadmissible, moved at an *in camera* hearing just prior to trial to have new samples taken under judicial supervision. The appellant protested that the State's motion was untimely; the trial court did not agree, noting that the appellant had known for months that the handwriting samples would be an issue at trial. After supervising the taking of new samples, the trial court adjourned until the next morning to allow the appellant time to prepare his defense. The next day, these samples were admitted into evidence. The appellant again complained of untimeliness but the trial court overruled his objection and proceeded with the trial.

A defendant must be given a reasonable opportunity to study the evidence and prepare his cross-examination. *See State v. Sette*, 161 W.Va. 384, 242 S.E.2d 464 (1978). We have recognized that where the State has physical evidence that is crucial to the issue of defendant's guilt and that must be subjected to scientific analysis to assist in determining the defendant's guilt, the defendant has the right to have that evidence independently analyzed. *State v. McArdle*, 156 W.Va. 409, 194 S.E.2d 174, 178 (1973); *State v. Harr*, 156 W.Va. 492, 194 S.E.2d 652, 657 (1973). We recognized in syl. pt. 3 of *Wilhelm v. Whyte*, 161 W.Va. 67,

---

[2] This section has since been changed to eliminate the requirement of judicial supervision of handwriting samples taken for comparison purposes.

239 S.E.2d 735 (1977) that "[t]here may be occasions when the denial of a continuance in a criminal trial is so arbitrary as to violate due process, and because of the particular wording in Article III, Section 14 of the West Virginia Constitution, that the accused 'shall have the assistance of counsel, and a reasonable time to prepare for his defense', there is, independent of the Due Process Clause in our Constitution, a constitutional right to a continuance if the defendant is not accorded a reasonable time to prepare his defense."

In Case No. 15115, the first trial, we cannot say that the lower court's decision to deny the appellant's motion for a continuance left him reasonable time to prepare his defense. There the parties encountered for the first time the issue of whether handwriting samples taken in violation of *W. Va. Code*, 57-2-1 [1923] could properly be used at trial. The trial judge determined that they could not and, after supervising the taking of samples in accordance with the statute, proceeded with the trial. Clearly, the decision of this novel issue left the appellant without reasonable time to secure a handwriting expert and prepare his defense.

Case No. 15038 presents a different situation in that the trial court had previously ruled that handwriting samples taken in violation of *W. Va. Code*, 57-2-1 [1923] were inadmissible for evidentiary purposes and admissible samples had to be taken before a judge. Since this issue had been presented before, it was incumbent upon the parties to be prepared when it arose again at trial. The appellant, therefore, may not be heard to complain of surprise resulting in a lack of time to prepare his defense. We note here that even if this were a "proper" case in which to claim surprise, the appellant failed to move for a continuance and, therefore, waived his right to one.

The judgment of the Circuit Court of Wood County is, therefore, reversed in Case No. 15115 and affirmed in Case No. 15038.

*No. 15038, affirmed.*
*No. 15115, reversed.*