422 S.E.2d 818

**STATE of West Virginia ex rel. O.C. SPAULDING, Prosecuting Attorney for Putnam County, Petitioner,**

v.

**Honorable Clarence L. WATT, Judge of the Circuit Court of Putnam County, and Mark J. McClelland, Respondents.**

No. 20853.

Supreme Court of Appeals of West Virginia.

Submitted March 3, 1992.

Decided July 10, 1992.

Franklin D. Cleckley, Morgantown, for respondent Honorable Clarence L. Watt, Judge.

Gregory G. Campbell, Leo Catsonis, Charleston, for respondent Mark J. McClelland.

PER CURIAM:

In this original proceeding in prohibition the relator, the State of West Virginia, prays that this Court prohibit the respondent, Clarence L. Watt, Judge of the Circuit Court of Putnam County, from providing respondent Mark J. McClelland with a new trial on certain criminal charges. The State claims that respondent McClelland has not made an adequate showing for a new trial and that, given the particular circumstances of the case, the circuit judge exceeded his legitimate powers in granting a new trial. After reviewing the documents filed and the questions presented, this Court agrees and grants the relator the relief sought.

On November 16, 1989, a grand jury in Putnam County returned an indictment charging Mark J. McClelland with twenty-two felony counts of sexual abuse in the first degree. The indictment grew out of an investigation of allegations that Mr. McClelland had, on numerous occasions, sexually assaulted his five-year-old stepdaughter and his seven-year-old stepson.

After the return of the indictment, counsel for respondent McClelland filed motions for discovery. In response to the motions, the State provided Mr. McClelland with the criminal investigation report in the case, a report which contained all material which the State had in its possession. The State also provided him with a copy of a taped video statement given by the alleged victims. The motions for discovery did not request information relating to the specific dates of the alleged incidents leading to the indictment, and at no time did respondent McClelland request by bill of particulars, or by any other motion, specific dates when the alleged acts occurred.

During trial, the two children who were allegedly victimized testified that they had been sexually assaulted every time they

Mark A. Sorsaia, Asst. Pros. Atty., Winfield, for petitioner.

visited the respondent McClelland's residence. They were unable to remember the specific dates. To establish the dates, the State called the father of the victims, who testified that he had personally reviewed his work records and that he had determined that the children had visited the respondent McClelland's residence on eleven occasions during the time frame set forth in the indictment.

In the course of the trial, defense counsel moved for a mistrial, alleging that the State had failed to provide the respondent McClelland with the eleven dates of the visits of the children with respondent McClelland. The State took the position that respondent McClelland had never asked for the specific dates and that if the information had been requested, the State would have attempted to provide it. The State also represented that the dates had been definitively ascertained only immediately prior to trial.

The trial court denied respondent McClelland's motion for mistrial, and on March 16, 1990, the jury convicted him on nine of the charges and acquitted him on two others.

After being convicted, respondent McClelland, on March 31, 1990, filed a motion for a new trial. In that motion, and in a supporting affidavit, he did not aver that the State had withheld evidence. Instead, he attacked the credibility of the State's witness regarding the dates.[1]

On April 16, 1990, the trial court denied the motion for a new trial and on June 5, 1990, sentenced Mr. McClelland to two consecutive fifteen-to-twenty-five-year terms in the penitentiary and to seven fifteen-to-twenty-year terms, which were to run concurrently with the first two terms.

After the motion for a new trial was denied, defense counsel, on June 8, 1990, filed a notice of intent to appeal in the Circuit Court of Putnam County. The motion did not assign as error the withholding of evidence by the State.

On February 11, 1991, defense counsel filed a second motion for a new trial. That motion alleged newly discovered evidence, but again did not allege that the State had withheld evidence.[2]

On November 20, 1991, nine months after the filing of the second motion for a new trial, and one year and eight months after the conviction, the trial judge issued a letter opinion which held that the respondent was entitled to a new trial on the basis of newly discovered evidence. The judge found that, months prior to the commencement of trial, the State possessed definite and precise dates on which the crimes of sexual assault were allegedly committed and concluded that this evidence impeached the credibility of the State's witness regarding the dates.

In the present proceeding, the State, which is seeking to prohibit the new trial, argues that in order to obtain a new trial on the ground of newly discovered evidence, a defendant must show that new evidence has been discovered since trial, that he had previously made a diligent effort to ascertain and secure the new evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. Further, the evidence must be new and material, not merely cumulative, and it must be of such a nature as ought to produce the opposite result of a second trial on the merits. Lastly, the State claims the purpose of the evidence should not be solely to discredit or impeach a witness on the opposite side. The State argues that the defendant's showing in the present case did not meet these standards.

■■■ We agree with the State's assertions, and this Court has stated:

1. Specifically, the respondent pointed out that the father of the victims had testified that his work records showed that the children's spring break, a period involved in the case, was April 3, 1987, through April 11, 1987. The respondent, to challenge this, presented an affidavit indicating that the Kanawha County School Board had indicated over the telephone that spring break was actually between April 17, 1987, and April 27, 1987.

2. The new evidence was to be testimony showing that the father of the children, as well as the children, had attended an assembly of the Jehovah's Witnesses on certain days when the children were allegedly with the respondent.

"A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side."

Syllabus, *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979), *quoting*, Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894). *See also, State v. Catlett*, 180 W.Va. 447, 376 S.E.2d 834 (1988).

The Court has also indicated that, "A new trial on the ground of after-discovered evidence is very seldom granted and the circumstances must be unusual or special." Syllabus point 9, *State v. Hamric*, 151 W.Va. 1, 151 S.E.2d 252 (1966).

In the present case, the respondent McClelland advanced as newly discovered evidence, evidence to challenge the veracity of the children's father's statements as to when the children visited respondent McClelland's residence. It appears that the sole purpose of the evidence proffered was to discredit or impeach the children's father. During trial both child witnesses testified in detail as to the manner in which the defendant sexually assaulted and abused them, and they testified that the assaults occurred every time they visited the respondent McClelland's residence. It is clear from the verdict that the jury believed that the children were sexually assaulted by respondent McClelland when they visited his residence.

This Court believes that there was substantial evidence in the case that the children involved in the case were assaulted every time they visited respondent McClelland's residence, and that even though the new evidence might have cast some doubt on the exact hours or precise dates of the visits, it would not have shown that the visits did not occur within the time frame involved in the case. The evidence was proffered principally to discredit or impeach the children's father, and overall it was, and is, not of such a nature that would produce an opposite result at a second trial on the merits.

Very recently in *State v. Lewis*, 188 W.Va. 85, 422 S.E.2d 807 (1992), this Court concluded that the State may, in limited circumstances, obtain a writ of prohibition to control a lower court in a criminal case. In syllabus point 5, the Court stated:

The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.

In this Court's view, the trial court's action in the present case, granting a new trial on evidence the purpose of which was to discredit the State's witnesses, in spite of the fact that there is established law holding that a "new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side," is a form of abuse of discretion for which prohibition will lie under the principles set forth in *State v. Lewis, Id.*

**100**

For the reasons stated, the writ of prohibition which the State seeks prohibiting the Circuit Court of Putnam County from granting Mark J. McClelland a new trial is granted, and it is moulded to direct that the respondent judge proceed in the manner provided by law with the disposition of respondent McClelland on the convictions rendered.

Writ granted as moulded.