**FILED**
**November 8, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia ex rel.**
**Scott R. Smith, Prosecuting Attorney**
**for Ohio County,**
**Petitioner**

**vs.) No. 20-1028 (Ohio County No. 20-F-45)**

**The Honorable Michael J. Olejasz,**
**Judge of the Circuit Court of Ohio County,**
**and Danny Ivan Mendoza,**
**Respondents**

## MEMORANDUM DECISION

Petitioner Scott R. Smith, Prosecuting Attorney for Ohio County ("the State"), by counsel Patrick Morrisey, Andrea Nease Proper, Karen C. Villanueva-Matkovich and Gordon L. Mowen, II, filed a petition for writ of prohibition seeking to vacate the circuit court's December 23, 2020, order which denied the State's motion to continue the criminal trial of respondent Danny Ivan Mendoza and excluded from evidence at trial any information from or about the victim's autopsy report provided by the State Medical Examiner's Office ("Medical Examiner's Office"). Respondent The Honorable Michael J. Olejasz ("respondent judge") filed a letter response. Respondent Mendoza, by counsel Kevin L. Neiswonger and Michael B. Baum, filed a summary response in which he took no position in this matter. The State argues that the circuit court erred in denying the State's motion to continue in order to protect respondent Mendoza's speedy trial rights and prohibiting the State from introducing into evidence "any photos and/or testimony" from the Medical Examiner's Office in regard to the murder victim's autopsy due to the State's failure to disclose said evidence within the deadlines set in the court's scheduling order.

Upon consideration of the standard of review, the briefs, the record presented, and oral argument, the Court finds that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons set forth below, we grant the State's petition for writ of prohibition.

Respondent Mendoza was indicted on July 8, 2020, for the first-degree murder of Joseph Harrison.[1] He was arraigned on July 23, 2020, during the same term of court as his indictment. At

---

[1] This Grand Jury was specially convened for this purpose, because the May 2020 Grand Jury was cancelled as a result of COVID-19 safety precautions implemented by this Court and the Circuit Court of Ohio County. *See* Administrative Order, Circuit Court of Ohio County, West Virginia, *Re: May 2020 Term of the Ohio County Grand Jury* (entered April 15, 2020); *see also*

the arraignment, the State produced its discovery to respondent Mendoza, which included the disclosure that it would call a physician from the Medical Examiner's Office to testify at trial and that it would supplement this disclosure as information became available. No trial date was set at the arraignment because respondent Mendoza's counsel indicated that a continuance would likely be necessary and the State indicated it would not object. Subsequently, respondent Mendoza's counsel requested a continuance. On August 31, 2020, the circuit court held a hearing on the motion, during which respondent Mendoza stated on the record that he waived both his "speedy trial and term rights." The circuit court conducted a colloquy with respondent Mendoza and found that he "made a knowing, intelligent and voluntary waiver to his right to trial within the current term of Court." The court found that good cause existed to continue the matter beyond the "current Term of Court[,]" and granted the continuance.

Pursuant to the terms of a new scheduling order, which was entered on September 24, 2020, the State's discovery disclosures were due on October 8, 2020; a pretrial hearing was set for December 22, 2020; and trial was scheduled to begin on January 4, 2021 – all within a single term of court. *See* W. Va. T. Ct. R. 2.01 (setting forth the terms of court for the Circuit Court of Ohio County).

On December 18, 2020, the State filed a motion to continue the trial on the ground that it had not yet received the autopsy report from the Medical Examiner's Office and did not know the specific identity of the pathologist who would be called to testify regarding the autopsy. The State explained that the autopsy report and related testimony were important for the case because respondent Mendoza was charged with first-degree murder, and the evidence was material to the cause of death and also to the jury's consideration of whether to recommend mercy. Respondent Mendoza did not object to this continuance sought by the State.

At the December 22, 2020, pretrial hearing, the circuit court considered the State's motion to continue and denied the same. By order entered the next day, the court found that the "State Medical Examiner . . . [had] neglect[ed] to produce an autopsy report by the time of trial." In addition, the court found that the State failed to establish "good cause" for the continuance. The court noted that respondent Mendoza was indicted in the previous term of court but remained in jail awaiting trial, and that it was "not the fault of this Defendant that the State Medical Examiner was derelict in its duties, resulting in a violation" of the court's scheduling order. The court reasoned that it was "bound by the policy of the law of West Virginia *which requires that, without good cause, Defendant's right to a speedy trial be held above all else*." (Emphasis added). The court further ruled that "due to the lack of disclosure of evidence resulting from the autopsy or the identification of an expert witness to substantiate the same, any photos and/or testimony from the State Medical Examiner's Office will be **EXCLUDED** from trial. Hence the subject Motion is **DENIED**."[2]

---

Supreme Court of Appeals of West Virginia, *Re: Resumption of Operations, Supreme Court of Appeals of West Virginia* (entered May 6, 2020).

[2] The autopsy report for the victim, Joseph Harrison, was prepared and disclosed by the Medical Examiner's office on December 22, 2020, following the pretrial hearing. The report was received by the State the next day. The State sent the report to respondent Mendoza's counsel by

The State filed a petition for writ of prohibition on December 28, 2020, and a motion for expedited relief seeking an immediate stay of the underlying circuit court proceedings. On December 30, 2020, the Court granted the motion to stay and issued a Rule to Show cause on June 14, 2021.

This Court has previously found that there are limited circumstances in which the State may request a writ of prohibition in a criminal matter. We held in syllabus point five of *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded by statute on other grounds as recognized by State v. Butler*, 239 W. Va. 168, 799 S.E.2d 718 (2017), that

> [t]he State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.

*Accord State ex rel. State v. Sims*, 239 W. Va. 764, 767, 806 S.E.2d 420, 423 (2017). Further, a writ of prohibition may be issued where

> [a]lthough a court has jurisdiction of the subject matter in controversy and of the parties, if it clearly appears that in the conduct of the case it has exceeded its legitimate powers with respect to some pertinent question a writ of prohibition will lie to prevent such abuse of power.

Syl. Pt. 2, *State ex rel. State Road Comm'n v. Taylor*, 151 W. Va. 535, 153 S.E.2d 531 (1967) (determining that State was entitled to writ of prohibition where trial court exceeded its legitimate powers in refusing continuance sought by State to delay condemnation proceedings until after improvements upon condemned property had been completed). Finally, we have held that

> [i]n determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft

---

e-mail communication on December 27, 2020. The State also filed a supplemental discovery disclosure on December 28, 2020.

repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). With the foregoing in mind, we turn to the issues presented.

In support of its requested writ of prohibition, the State first argues that the circuit court erred in denying its unopposed motion to continue the trial because of the court's "alleged obligation to protect Mendoza's speedy trial rights[,]" where respondent Mendoza had expressly waived both his right to a speedy trial and his right to a trial within the same term that he was indicted.[3] The State contends that a continuance was needed because the victim's autopsy report had not been completed by the Medical Examiner's Office and was important evidence in its first-degree murder case against respondent Mendoza. The State explains that "[t]he absence of this critically important evidence – by no fault of the Prosecutor – should have constituted 'good cause' to grant the continuance, particularly given that the request was not opposed by the Defendant *and* because the continuance would not have been in violation of the Defendant's speedy trial rights[.]"[4] We agree.

We have held that "[t]he right to a trial without unreasonable delay is basic in the administration of criminal justice and is guaranteed by both the state and federal constitution[s]. U.S. Const. Amend. VI; W. Va. Const. Art 3, § 14." Syl. Pt. 1, *State v. Foddrell*, 171 W. Va. 54, 297 S.E.2d 829 (1982); *accord* Syl. Pt. 3, *State v. Holden*, 243 W. Va. 275, 843 S.E.2d 527 (2020). In this regard, West Virginia has two different statutes governing the time for when a criminal trial must be held: the one-term rule and the three-term rule. The one-term rule provides that a defendant has a statutory right to be tried within the same term as he or she was indicted. W. Va. Code § 62-3-1 (providing "[w]hen an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term."). The one-term rule is not a right of constitutional dimension, but rather "provides a personal right to the defendant to be tried more expeditiously than the Constitution requires." *State ex rel. Workman v. Fury*, 168 W. Va. 218, 221, 283 S.E.2d 851, 853 (1981). "It is the three-term rule,

---

[3] *See* W. Va. Code § 62-3-1 (setting forth one-term rule) and W. Va. Code § 62-3-21 (setting forth three-term rule) (both statutes discussed *infra* in greater detail).

[4] Respondent judge does not address respondent Mendoza's waiver of his right to a speedy trial or his statutory right to be tried in the same term of court that he was indicted.

W. Va. Code, 62-3-21,[5] which constitutes the legislative pronouncement of our speedy trial standard under Article III, Section 14 of the West Virginia Constitution." Syl. Pt. 1, *Good v. Handlan*, 176 W. Va. 145, 342 S.E.2d 111 (1986) (footnote added). However, as in the case with many constitutional rights, a defendant can waive the right to a speedy trial and the right to trial in the same term as the indictment. *See Montgomery v. Ames*, 241 W. Va. 615, 625, 827 S.E.2d 403, 413 (2019) ("An accused may waive sundry constitutional rights and privileges, if he or she does so intelligently and voluntarily.").

In this case, the undisputed fact is that respondent Mendoza waived both his statutory and constitutional rights to a speedy trial. Despite this waiver, the circuit court denied the State's motion to continue trial on the basis that it was constrained to enforce Mendoza's speedy trial rights. In light of respondent Mendoza's waiver, the court erred in denying the motion on this basis.

Additionally, the three-term rule was not even an issue in this case. First, "[u]nder W. Va. Code, 62-3-21, a term that is continued on motion of an accused is not included in counting the three terms." *Good*, 176 W. Va. at 152, 342 S.E.2d at 118. Moreover, "we have recognized under W. Va. Code, 62-3-21, that the term of the indictment is not counted, so that it is possible for almost four full terms of court to pass before the State would be required to bring a defendant to trial." *Good*, 176 W. Va. at 151, 342 S.E.2d at 116. In this case, respondent Mendoza moved for continuance in the same term in which he had been indicted. Therefore, this term simply did not count in any three-term analysis, and the State's motion for continuance was filed during the first term of the three-term rule. S*ee State ex rel. Randolph v. Thompson*, No. 20-0945, 2021 WL 2396249, at *4-5 (W. Va. June 11, 2021) (memorandum decision) (granting writ prohibiting circuit court from dismissing an indictment based on the defendant's motion to dismiss where the law supported a determination that "three terms of court" had not passed since the indictment issued).

Finally, in *State v. Jeremy S.*, 243 W. Va. 523, 847 S.E.2d 125 (2020), this Court reiterated that we have

> previously held that a continuance is not improper where, "there is nothing to indicate that the State intentionally or oppressively

---

[5] West Virginia Code § 62-3-21 provides, in relevant part:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of a jury to agree in their verdict[.]
> . . .

> sought to delay the trial[,] nor is there a showing that the delay [of the trial] caused any substantial prejudice to the petitioner." *State v. McCartney*, 228 W. Va. 315, 324, 719 S.E.2d 785, 794 (2011).

*Jeremy S.*, 243 W. Va. at 533, 847 S.E.2d at 135. These two critical elements – the State's lack of intent and the lack of substantial prejudice to the defendant – are met in this case. *See id*. We therefore conclude that the circuit court erred as a matter of law in its decision to deny the State's motion to continue.

Second, the State argues that the circuit court also erred in determining that the State violated the scheduling order and in ordering the exclusion of "any photos and/or testimony from the State Medical Examiner's Office" as a sanction for "the lack of disclosure of evidence resulting from the autopsy or the identification of an expert witness to substantiate the same[.]" Specifically, the circuit court found that the State Medical Examiner had "neglect[ed] to produce an autopsy report by the time of trial[] [and] . . . was derelict in its duties, resulting in a violation of this Court's Scheduling Order. . . ." The State contends that it was not in violation of the circuit court's order because it had already produced its discovery to respondent Mendoza months earlier and had fully complied with Rule 16 of the Rules of Criminal Procedure. Respondent judge counters that the "subject Autopsy Report was miraculously completed mere hours after the conclusion of the December 22, 2020 Pretrial Hearing[,]" and emphasizes that the autopsy was "completed back on August 20, 2019, the day after the death, some (16) months ago." He suggests that "a simple communication with the Medical Examiner was all it took to have their findings from the autopsy reduced to writing[.] . . ." According to the respondent judge, the circuit court should "be allowed to enforce its scheduling deadlines and provide the accused with a timely trial . . . ."

Even though the circuit court sanctioned the State for violating its scheduling order, it is Rule 16(a)(l)(D) of the Rules of Criminal Procedure[6] that governs the State's disclosure of the autopsy report. Rule 16(c) requires the State to supplement its discovery as additional evidence becomes available, which is exactly what the State did in this case. Rule 16(d)(2) provides that

> [i]f at any time during the course of the proceedings it is brought to the attention of the court *that a party has failed to comply with this rule, the court may order such party* to permit the discovery or inspection, grant a continuance, or prohibit the party from

---

[6] Rule 16(a)(1)(D) provides:

> Upon request of the defendant the state shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the state, and which are material to the preparation of the defense or are intended for use by the state as evidence in chief at the trial.

introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

(Emphasis added).

In *State ex rel. Rusen v. Hill*, 193 W. Va. 133, 454 S.E.2d 427 (1994), this Court stated that

[t]he preferred relief where the party responsible for the [discovery] violation has not acted in bad faith is to grant the defendant a continuance giving him or her an opportunity to prepare for trial once the discovery materials have been made available. Thus, where the violation relates to discovery of potential trial evidence, the circuit court is advised to grant a continuance sufficient in duration to permit the defendant to obtain that evidence and to prepare for trial.

Our cases and the West Virginia Rules of Evidence have declared an implicit preference for a continuance when there has been a discovery violation. *See* W. Va. R. Evid. 403 ("unfair surprise" is not listed as a ground for exclusion). *See State v. Barker*, 169 W. Va. 620, 623, 289 S.E.2d 207, 210 (1982) ("[e]ven if this were a 'proper' case in which to claim surprise, the appellant failed to move for a continuance, and, therefore, waived his right to one"); *Martin v. Smith*, 190 W. Va. 286, 291, 438 S.E.2d 318, 323 (1993) ("even given that the admission of Dr. Adams' testimony prejudiced Dr. Smith's case, we find such prejudice far from incurable. Dr. Smith could have easily moved for a continuance in order to secure a comparable expert witness").

193 W. Va. at 140-41, 454 S.E.2d at 434-35; *see State ex rel. Plants v. Webster*, 232 W. Va. 700, 707, 753 S.E.2d 753, 760 (2012) (granting writ of prohibition to prevent the circuit court from excluding certain evidence, reiterating that "[w]hen faced with determining sanctions for discovery violations, our preference remains for trial courts to grant continuances in most cases.").

In this case, in accordance with Rule 16, respondent Mendoza never complained of any violation of either the discovery rules or the circuit court's scheduling order. Further, he never claimed he was prejudiced because of the delay in the State's production of this discovery. Indeed, he did not oppose the State's motion for a continuance. Nonetheless, the circuit court, sua sponte, sanctioned the State because of the delay of the Medical Examiner's Office in providing the victim's autopsy report, finding that the delay resulted in a violation of the scheduling order. In other words, the court effectively sanctioned a party for the circuit court's perceived misconduct of a nonparty – the Medical Examiner's Office – over which the State exercised no control. For the reasons previously discussed *supra*, there was no legal basis to support the circuit court's denial of the motion to continue and it erred in finding a violation of the scheduling order. Even if there had been such a violation, the circuit court failed to follow our law which clearly establishes that in the absence of prejudice to the defendant, a continuance is the preferred sanction in a situation

such as this – a delay by the Medical Examiner's Office in producing the autopsy report. We therefore find that the circuit court erred in excluding the autopsy report and related evidence.

Consequently, pursuant to the factors enunciated in *Hoover*, we grant the State a writ of prohibition. *See* 199 W. Va. at 14-15, 483 S.E.2d at 14-15, Syl. Pt. 4. The State lacks the ability to pursue a direct appeal or otherwise challenge the circuit court's ruling other than by seeking extraordinary relief. Moreover, the circuit court erred as a matter of law in its decision to deny the continuance and to exclude evidence. *See also Sims*, 239 W. Va. at 767, 806 S.E.2d at 423.

For the foregoing reasons, the Circuit Court of Ohio County is prohibited from enforcing its December 23, 2020, order.

Writ granted.

**ISSUED:** November 8, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Tim Armstead
Justice William R. Wooton

**DISSENTING:**

Justice Elizabeth D. Walker
Justice John A. Hutchison

Walker, J., dissenting:

I respectfully dissent from the majority's decision to issue the writ sought in this case. Neither the proceedings below nor our law regarding when the State may seek a writ of prohibition in a criminal case supports issuance of the writ.

Mr. Harrison died on August 19, 2019. The Office of the Chief Medical Examiner (ME's Office) received and examined the body on August 20, 2019. The Ohio County grand jury indicted Mr. Mendoza for the first-degree murder of Mr. Harrison on July 8, 2020. The State moved to continue Mr. Mendoza's trial on December 18, 2020. It contended that the ME's Office had not provided the autopsy report, so it could not identify the testifying pathologist for Mr. Mendoza's trial, which was set for the January 4-8, 2021. The circuit court denied the State's motion for a continuance on December 22, 2020. The court also excluded the autopsy report and any photos or testimony related to it "due to the lack of disclosure of evidence resulting from the autopsy or the identify of an expert witness to substantiate the same."

On December 22, 2020, the Deputy Chief Medical Examiner signed a one-page opinion as to the cause and manner of Mr. Harrison's death. The State received the autopsy report and opinion on December 23, 2020—*491 days after the autopsy*—then supplemented its earlier discovery with the report and opinion on December 27, 2020, *494 days after the autopsy*. The majority acknowledges these facts in its footnote 2.

According to the circuit court, that coincidence—the denial of the State's motion for a continuance on December 22 and the receipt of the Deputy Chief Medical Examiner's opinion and report on December 23—was miraculous. That's putting it kindly. Instead, it is a demonstration of the efficacy of a time-tested means of communication: the telephone.[7] Presumably, that's all it took to reach out and touch someone at the ME's Office. The State has asked this Court to fix the failure of communication that precipitated its motion to continue Mr. Mendoza's trial by way of an extraordinary writ and the majority has said, "Okay." I disagree.

The State "has [only] a narrow opportunity to request review of an action of a trial court in a criminal proceeding."[8] "Our law is in accord with the general rule that the State has no right of appeal in a criminal case, except as may be conferred by the Constitution or a statute,"[9] such as West Virginia Code § 58-5-30 (1998).[10] Yet, "the State is entitled to a *limited right* to seek a writ of prohibition in a criminal cases."[11] In *State ex rel. Hoover v. Berger*, this Court held that, among other reasons, a writ of prohibition may issue to correct a circuit court's clear error of law.[12] This Court has articulated an additional standard to consider when the State petitions for a writ of prohibition in a criminal case.

On that point, in Syllabus Point 5 of *State v. Lewis*, this Court held that:

---

[7] It may have been an email or even a visit. Regardless, *something* happened to cause the Deputy Chief Medical Examiner to render his opinion on December 22, 2020, 490 days after the autopsy was completed and then transmit the report and opinion to the State so that it received the documents on December 23, 491 days after completion of the autopsy.

[8] *State ex rel. Forbes v. Canady*, 197 W. Va. 37, 41, 475 S.E.2d 37, 41 (1996) *superseded by rule on other grounds as recognized in State v. Hartman*, 229 W. Va. 749, 735 S.E.2d 898 (2012).

[9] Syl. Pt. 1, *State v. Jones*, 178 W. Va. 627, 363 S.E.2d 513 (1987).

[10] W. Va. Code § 58-5-30 (1998) (providing for appeal from circuit court order holding an indictment "bad or insufficient").

[11] *State v. Lewis*, 188 W. Va. 85, 94, 422 S.E.2d 807, 816 (1992) (emphasis added) *superseded by statute on other grounds as stated in State v. Butler*, 239 W. Va. 168, 179 n.27, 799 S.E.2d 718, 729 n.27 (2017).

[12] *See* Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.[13]

Considering *Lewis*, the question posed by petitions like the State's is not simply whether a circuit court's ruling is *clearly erroneous*. Instead, the question is whether the ruling is so flagrantly wrong that it has "deprived [the State] of its right to prosecute the case or deprived [it] of a valid conviction."[14]

The criminal cases in which this Court has granted extraordinary relief to the State bears this out. We have granted extraordinary relief to prohibit enforcement of circuit court orders granting new trials[15]—deprivations of a valid conviction. We have granted extraordinary relief to prohibit enforcement of circuit court orders dismissing indictments, misdemeanor charges, and juvenile petitions[16]—deprivations of the State's right to prosecute its cases. And, we have granted extraordinary relief to prohibit enforcement of *evidentiary rulings* so clearly erroneous as a matter of law as to effectively deprive the State of its right to prosecute its case.[17]

---

[13] Syl. Pt. 5, *Lewis*, 188 W. Va. at 85, 422 S.E.2d at 807.

[14] Syl. Pt. 5, in part, *id.* *See also State v. Hubbs*, No. 18-0438, 2019 WL 6242313, at *3 (W. Va. Nov. 21, 2019) (memorandum decision) (identifying *Lewis* as "the criteria necessary for the State to be awarded a writ of prohibition in a criminal case").

[15] *See State ex rel. Kahle v. Risovich*, 205 W. Va. 317, 518 S.E.2d 74 (1999) (granting writ blocking enforcement of order granting new trial); *State ex rel. Spaulding v. Watt,* 188 W. Va. 96, 422 S.E.2d 818 (1992) (issuing writ to prohibit circuit court from granting new trial).

[16] *State ex rel. State v. Wilson*, 239 W. Va. 802, 806 S.E.2d 458 (2017) (granting writ to prevent dismissal of indictment); *State ex rel. Harris v. Hatcher*, 236 W. Va. 599, 760 S.E.2d 847 (2014) (granting writ to prohibit enforcement of order dismissing indictment counts); *State ex rel. State v. Gustke*, 205 W. Va. 72, 516 S.E.2d 283 (1999) (granting writ blocking enforcement of order dismissing indictment). *See also State ex rel. Smith v. Sims*, 235 W. Va. 124, 772 S.E.2d 309 (2015) (granting writ to bar lower court from dismissing juvenile petition); *State ex rel. Sorsaia v. Stowers*, 236 W. Va. 747, 783 S.E.2d 867 (2016) (granting writ to bar lower court from dismissing misdemeanor charges).

[17] *State ex rel. DeChristopher v. Gaujot*, 244 W. Va. 631, 856 S.E.2d 223 (2021) (granting writ to prohibit enforcement of clearly erroneous order excluding defendant's statement and DNA evidence based on alleged violations of defendant's Fourth and Fifth Amendment rights); *State ex rel. Wade v. Hummel*, 243 W. Va. 408, 844 S.E.2d 443 (2020) (granting writ to prohibit

The majority quotes both *Hoover* and *Lewis*, but its analysis does not consider the impact of *Lewis* on the State's petition for relief. I accept that continuance of Mr. Mendoza's trial to the January 2021 term of court did not threaten his speedy trial rights. In the language of *Hoover*, that is a clear error of law to the extent the court relied on that rationale to deny the State's motion.[18] *Lewis*, however, indicates that clear error may not be enough to merit extraordinary relief for the State in a criminal case, when, as here, any error was not so flagrant that it has denied State of its right to prosecute Mr. Mendoza.

The State contends that the autopsy report is critically important to its case against Mr. Mendoza. I will not detail the contents of the State's discovery or opine as to its evidentiary value. But I will observe that the State may proceed by other means to meet its burden as to the cause and manner of M. Harrison's death, despite the absent autopsy report. While the autopsy report is the State's preferred method of establishing certain elements of the crime charged, the report is not the only means. In other words, the court's order does not deprive the State of its right to prosecute Mr. Mendoza, nor does it effectively do so.

Importantly, the State seeks relief from an order excluding evidence as a *discovery sanction*. I have located only one other case in which this Court has issued a writ prohibiting enforcement of a circuit court's order excluding evidence as a pretrial, discovery sanction: *State ex rel. Plants v. Webster*.[19] That case is readily distinguishable. There, the State petitioned for a

---

enforcement of circuit court's order excluding defendant's statement where clear weight of authority indicated that introduction of defendant's video testimony did not amount to compelled testimony in violation of Fifth Amendment); *State ex rel. Franklin v. Tatterson*, 241 W. Va. 241, 821 S.E.2d 330 (2018) (granting writ to prohibit enforcement of order suppressing text messages where messages were not made in the course of a civil settlement, *see* W. Va. R. Evid. 408, and so were admissible in criminal case); *State ex rel. Harvey v. Yoder*, 239 W. Va. 781, 806 S.E.2d 437 (2017) (granting-in-part writ to bar enforcement of evidentiary ruling under W. Va. R. Evid. 412 to bar introduction of minor victim's sexual history); *State ex rel. State v. Burnside*, 233 W. Va. 273, 757 S.E.2d 803 (2014) (granting writ to bar court's exclusion of audio recording under erroneous interpretation of West Virginia Wiretapping Act); *State ex rel. Sims v. Perry*, 204 W. Va. 625, 515 S.E.2d 582 (1999) (barring enforcement of order excluding defendant's statement where circuit court erred as a matter of law by excluding defendant's statement on Sixth and Fifth Amendment grounds).

[18] At times, this Court has relied solely on the *Hoover* standard when considering whether to grant the State's petition for a writ of prohibition in a criminal case. The analysis and results of those cases hew to the *Lewis* standard. For example, in *State ex rel. DeChristopher*, this Court applied *Hoover* to bar enforcement of the circuit court's order excluding on Fourth Amendment grounds the cheek swab of a defendant charged with sexual assault where "sexual assault cases are manifestly difficult to prosecute and . . . DNA evidence is necessary and compelling evidence to secure justice," 244 W. Va. at 631, 856 S.E.2d at 236–37, *i.e.*, where the lower court's clear error of law effectively denied the State its right to prosecute the case.

[19] 232 W. Va. 700, 703, 753 S.E.2d 753, 756 (2012). Indeed, in *State ex rel. Rusen v. Hill*, this Court did not issue the writ requested by the State even where the sanction for the State's

writ of prohibition to bar enforcement of the circuit court's order suppressing shell casings as a pretrial discovery sanction.[20] The court suppressed the shell casings to sanction the State for its admitted delays in getting the casings to the defendant's expert to examine before trial.[21] Before this Court, the State represented that it intended to use the shell casings as part of its murder case, which the State conceded was circumstantial.[22] In support of its petition for a writ, the State argued that it needed the shell casings to connect the defendant to the murder, so that the circuit court's order suppressing the casings amounted to a "'de facto' dismissal" of the State's case.[23] This Court granted the writ.

This case is not *Plants*. Here, the State does not contend that its case against Mr. Mendoza has been effectively dismissed by exclusion of the autopsy report, likely because an autopsy report is not the only means by which the State may establish the cause and manner of death in a case where the victim was allegedly shot six times before expiring. And, unlike *Plants*, the State's failure to obtain and disclose the autopsy report by the October 2020 discovery deadline (or any time before the pretrial conference) cannot be chalked up to misfiling.[24]

The majority contends that there was, in fact, no discovery violation in this case because the State complied with Rule of Criminal Procedure 16(c) by "supplementing" its initial discovery disclosures on December 27, 2020, when it forwarded the autopsy report and the Deputy Chief Medical Examiner's opinion to defense counsel. But that takes an overly lenient view of the State's nonchalant approach to complying with the discovery deadline imposed in the scheduling order and to securing what it now describes as "critically important" evidence. This is not a matter of supplementation; it's no stretch to say that the autopsy report was in the "possession, custody, or control" of the State when one can logically infer that the State caused the ME's Office to complete the report on December 22. So, one can also logically infer—as the circuit court did—that the State could have exercised control over the report (at least have attempted to do so) before the discovery deadline imposed by the circuit court's order and certainly before the pretrial conference.

As the circuit court stated in its letter response to the State's petition, "[t]he State does not get to decide when [the] accused goes to trial." While certainly not the majority's intent, its decision could be viewed as a slap on the circuit court's wrist for expecting the State to (1) abide

---

pretrial discovery violations was dismissal of an indictment with prejudice. 193 W. Va. 133, 144, 454 S.E.2d 427, 438 (1994).

[20] *State ex rel. Plants*, 232 W. Va. at 702, 753 S.E.2d at 755.

[21] *Id.*

[22] *Id.* at 703, 753 S.E.2d at 756.

[23] *Id.*

[24] *Id.* at 706, 753 S.E.2d at 759.

by the scheduling order, and (2) be prepared to try its case on the date selected by the circuit court. "Trial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket,"[25] and I see nothing particularly extraordinary[26] about the circuit court's exercise of that power, in the circumstances presented here.

Similarly, we have "stress[ed] . . . that rulings made in a criminal case by the trial court on disputed issues of fact and those that are committed to the sound discretion of the trial court are ordinarily not subject to control through a writ of prohibition."[27] "A motion for continuance is addressed to the sound discretion of the trial court,"[28] as is the selection of a remedy for a discovery violation under West Virginia Rule of Criminal Procedure 16(d)(2).[29] While the State may have expected the circuit court to grant the continuance as a matter of course, its "[s]ubjective expectations . . . are simply insignificant."[30] By its petition, the State asks this Court to get it out of a jam of its own creation. I would not give the State that pass on the facts and circumstances presented, here. In sum, this Court has not hesitated to grant the State extraordinary relief—when warranted. But it is not warranted here, and for the reasons discussed above, I respectfully dissent. I am authorized to state that Justice Hutchison joins in this dissent.

---

[25] *See* Syl. Pt. 2, *B.F. Specialty Co. v. Charles M. Sledd Co.,* 197 W.Va. 463, 475 S.E.2d 555 (1996) ("Trial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket.").

[26] *See State ex rel. Justice v. King*, 244 W. Va. 225, 230, 852 S.E.2d 292, 297 (2020) (prohibition is "an extraordinary remedy reserved for extraordinary cases") (cleaned up).

[27] *Lewis*, 188 W. Va. at 95, 422 S.E.2d at 817.

[28] Syl. Pt. 2, in part, *State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979).

[29] *State ex rel Rusen*, 193 W. Va. at 140, 454 S.E.2d at 434.

[30] *Id*. at 143, 454 S.E.2d at 437.